### KAY v. GENERAL CABLE CORPORATION.

Miscellaneous No. 778a.

District Court, D. New Jersey.

Jan. 4, 1946.

Henry E. Golenbock, of Perth Amboy, N. J., for plaintiff Albert E. Kay.

Pitney, Hardin & Ward, of Newark, N. J., by Ben Herzberg, of New York City, for defendant.

Edgar H. Rossbach and Vincent E. Hull, both of Newark, N. J., for plaintiff and the Government.

MEANEY, District Judge.

Plaintiff instituted this action under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 308, to compel defendant to reinstate him in his position as a medical director in defendant's plant. The action was first brought in December of 1943 and after a hearing thereon the petition was dismissed on the ground that petitioner was not an employee within the meaning of the statute. The Circuit Court reversed the findings of the District Court and held the plaintiff eligible for protection under the Act. Kay v. General Cable Corporation, 3 Cir., 144 F.2d 653.

Thereafter, in accordance with the mandate of the Circuit Court, an ex parte order was entered. On application of the defendant, this Court, after a hearing, vacated the order and in an opinion rendered on March 5, 1945 (Kay v. General Cable Corporation, 59 F.Supp. 358), directed the entry of a new order by which the plaintiff was held to be entitled to reinstatement in the position he had previously held with the defendant corporation. In addition, plaintiff was found to be entitled to receive compensation in the amount of $55 weekly for the period between the institution of the District Court action until that court rendered an opinion adverse to the plaintiff and favorable to the employer. For the period during which the decision favorable to the employer remained outstanding and unreversed, no compensation was to be paid. From the date of the Circuit Court opinion until the defendant shall have restored the plaintiff to his previously held position, the plaintiff was held entitled to compensation in the amount of $55 per week.

Notices were thereafter served by both parties that proposed orders would be submitted in accordance with the court's direction. The plaintiff's proposed order provided, however, for payment of a weekly salary of approximately $85, said salary being equal to that paid to the present medical director. Plaintiff also asked the court to reconsider its ruling disallowing compensation to plaintiff for the two periods above mentioned.

On March 20, 1945, the defendant company made an offer to restore plaintiff to his former position. The offer, according to the defendant, was to reinstate plaintiff with the same authority, title, functions and salary as he formerly possessed. The plaintiff does not deny that an offer was made. He does deny, however, that the offer was bona fide and insists that defendant offered him a position which would be subordinate to the present medical director. Plaintiff, for that reason, refused to accept the proffered position since the offer allegedly did not comply with the court's direction.

These matters will be taken up in the order indicated.

The Selective Training and Service Act, 50 U.S.C.A.Appendix § 308, under section 308(g) provides that the Director of Selective Service shall establish a Personnel Division with adequate facilities to render aid in the replacement of veterans in their former positions. The right of a veteran to enlist the services of the United States Attorney and to proceed in the United States District Court against a private employer is set forth in Section 8(e).

Where a veteran seeks such assistance in obtaining reinstatement, it is intended and desired that every possible effort to effect a settlement of the veteran's claim should be exhausted before resort to court action is had. Where need for legal proceedings is finally indicated, the local board is directed to send the case to the State Director of Selective Service where such further steps and investigation as may be advisable shall be taken before the case is ultimately taken to the United States Attorney. It is at no time intended that a Local Board or any person attached thereto, shall send a case directly to the United States Attorney for prosecution.

Thus, the Selective Training and Service Act does not contemplate that resort to the District Court shall be a primary

means of determination of such disputes. The Act provides for orderly and, most importantly, effective machinery for negotiation. The Act provides, in addition, that the Court shall have the power, as an incident to restoration of employment, to order compensation to an employee for any loss of wages or benefits suffered by reason of an employer's unlawful action.

■■ It is important to note, however, that the Selective Training and Service Act does not make it mandatory that the veteran proceed under the settlement machinery provided. If the veteran so chooses he may proceed by motion, petition or other appropriate pleading specifically to require an employer to comply with the provisions of the Act. If he chooses such course of procedure, however, he must with promptitude, upon the employer's refusal to reinstate him, have recourse to the District Court. To do otherwise would permit of extended and idle negotiation. Where the refusal by the employer is final, the Act does not contemplate that a veteran shall conduct fruitless, long continued efforts at reinstatement and on a failure thereof, compel such employer to compensate him for this extended period of negotiation, in addition to such reasonable time as may be allowed for appropriate consultation.

The situation is considerably different where it is demonstrated that the veteran has in good faith employed the assistance of the governmental agencies and has, nevertheless, been unable to secure reinstatement until an order to that effect is made by the District Court. In such a situation there is little likelihood of abuse or unfair practice, and compensation should be made for loss or damage suffered.

■ In the present case, attempted negotiations were at best of a haphazard nature. While there have been some assertions made by the plaintiff that efforts to enlist the aid of the Local Board and the State Director were made, this Court is not satisfied that the plaintiff pursued such a course to any appreciable extent. The negotiations which were carried on, extending over a period of six months, were primarily between the plaintiff and the defendant corporation and were undertaken by the plaintiff. These were attended by repeated and final refusals by the defendant to reemploy the plaintiff. Under these circumstances, as this Court stated in its earlier opinion, it would be beyond the scope of the Act to compel the employer to compensate for such extended period.

■ There has been nothing presented before me to alter my opinion that the plaintiff is not entitled to compensation for the period during which the decision favorable to the employer and adverse to the plaintiff remained outstanding and unreversed. No change will be made, therefore, as to the periods for which plaintiff is to receive compensation.

Plaintiff urges next, that an order be entered entitling him to be reinstated at a rate of pay equal to that received by the defendant's present medical director. At the time the plaintiff left the employ of the defendant to enter the Armed Services, he was receiving a salary of $55. weekly. It was on this basis that this Court ordered his reinstatement. Plaintiff insists, notwithstanding, that under the provisions of the Selective Training and Service Act he is entitled to be reinstated at a salary equal to that received by his successor.

Section 308(b) (B) of the said Act provides in part that:

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay, unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

Section 308(c) provides, inter alia:

"Any person who is restored to a position * * * shall be so restored without loss of seniority * * *."

These provisions are alleged by the plaintiff to entitle him to reinstatement at a salary equal to that received by the present medical director. For the purposes of the reemployment rights of veterans, a position of like seniority, status, and pay, has been construed to mean a position which, though not necessarily identical in every respect, is substantially equivalent to the veteran's former position on the basis of seniority, status and pay.

■ Thus, where the veteran is restored to his former position, he is entitled to whatever emoluments or increases may have accompanied that position when such increases are the result of either a general in-grade increase resulting from length of service and to which the veteran would have been entitled had he been continuously employed, or where the increase results

from an overall wage policy applicable to all employees or to employees of a specified group of which the veteran is a part.

Where the wage increase of a particular position results neither from an overall company wage policy, nor from automatic in-grade increases, the veteran is not automatically entitled to an increased wage for the sole reason that another who presently holds the same or a like position as that formerly held by the veteran is presently receiving a higher wage. In such case it can in no way be said that the veteran has been denied any seniority rights.

This is the more true where the position in question is of a professional or special nature requiring individual skill, ability and training such as is the position here involved. In such a case the wage is determined by individual ability rather than on a wage scale on the job itself.

It is worthy of note that following the plaintiff's entry into the Army, his immediate successor received a smaller compensation than that theretofore received by the plaintiff. Some time thereafter the compensation of the present medical director was increased beyond the amount received by the plaintiff.

It is evident that no fixed or determined salary is paid by defendant to its medical directors. Whatever defendant's reasons for increasing the present medical director's salary may in fact have been, and several conflicting asserted reasons were given, is unimportant once it is determined that the wage increase was not the result of a wage policy on the part of defendant to increase wages generally for all employees, nor the result of an in-grade increase inherent in the position.

I am satisfied that the increased wage paid to the present medical director is directed solely to the individual and not to the position. In the performance of the duties required of a medical director, extensive personal skill and ability are necessary. The abilities of any two men will vary to a degree and their relative value to the defendant company will be commensurate therewith.

There has been nothing before me to indicate that the plaintiff, had he remained in the employ of the defendant, would have received an increase similar to that now paid to the present medical director. The fact that plaintiff's immediate successor received a smaller compensation strongly indicates that the defendant had no established wage for the position, and that compensation was paid according to the value placed upon the individual.

It is my conclusion in the present instance that the defendant company fully met its obligation to the petitioner when it offered to reinstate him in his former position at the same salary he received at the time he was inducted into the Armed Services.

There remains for disposal the question of the good faith of defendant's proffered offer to reinstate the plaintiff.

As heretofore stated, defendant on March 20, 1945, offered to reinstate the plaintiff in his former position. Plaintiff declined to accept said offer for the alleged reason that the offer was insincere, inadequate and not in compliance with the law. Specifically, by way of affidavit, plaintiff asserts that the defendant offered to reinstate him to a position that would be subordinate to the present medical director, who is to be retained along with this plaintiff. Plaintiff alleges further that he was informed that he would in every instance be obliged to report to the present medical director and secure approval before he might undertake any treatment of defendant's employees.

These allegations by plaintiff are denied by the defendant, who by way of affidavits, asserts that although the present medical director is to be retained, such retention would in no way affect plaintiff's position or authority and that the offer to the plaintiff on March 20, 1945, was to restore him to a position of like seniority, status and pay, having the same authority and functions as the position previously held by him.

It is my conclusion that the offer made by the defendant to the plaintiff on March 20, 1945, to restore him to his former position was a bona fide offer, made in good faith and in full compliance with this Court's direction, and with the terms of the Selective Training and Service Act.

In view of this finding, the one year period of reemployment as ordered by this Court shall be construed to have begun on March 20, 1945.

These findings are made largely on submission by counsel for both parties of affidavits as to the factual situation.