ROSARIO v. DEPARTMENT OF LABOR
OF PUERTO RICO.

Civ. A. No. 4686.

District Court, Puerto Rico.

Oct. 24, 1946.

Jose Raul Rosario, in pro per.

Luis Negron Flores, Acting Atty. Gen. of
Puerto Rico, and A. Torres Braschi, Asst.
Atty. Gen. of Puerto Rico, for respondent.

COOPER, District Judge.

By this proceeding petitioner prays the
Court to enter judgment ordering respond-
ent Manuel A. Perez, Commissioner of La-
bor of Puerto Rico, to restore petitioner
to his former position in the Department of
Labor or to one of like seniority, status and
pay and in addition to compensate him for
his loss of salary and benefits suffered by
reason of respondent's refusal to restore
him to his said position. The respondent,
answering the petition, denied that peti-
tioner is entitled to reinstatement as alleged
in his petition on the following grounds:

1. That petitioner's position was not of
a permanent nature but was temporary;

2. That assuming that his position was
permanent it has been abolished by an act
of the Legislature of Puerto Rico;

3. That there is no position in the Department of Labor of like seniority, status and pay;

4. That petitioner is guilty of laches which should bar him from maintaining this proceeding.

### Findings of Fact

I. For more than eleven years petitioner was employed in the Department of Labor and was on December 31, 1942 so employed as Chief of the Division of Accounts, Property and Statistics at an annual salary of $3,300. On said 31st of December 1942 petitioner entered on active duty in the military service of the United States of America.

II. When petitioner entered the military service he was granted an indefinite leave of absence by the then Commissioner of the Department of Labor. On July 5, 1945, petitioner was honorably discharged from the Army of the United States and within less than 30 days after his discharge applied to respondent for reinstatement to his former position or to a position of like seniority, status and pay. His petition was denied.

III. Petitioner is now, and has always been during the period here involved, physically and mentally qualified to fulfill the duties of his former position or of any position of equal rank, status and pay.

IV. While the name of the position which petitioner formerly held has been changed in a reorganization of the Department of Labor, the services which he performed at the time of his induction into the military service are now being performed by other employees.

V. Petitioner has received since his discharge from the Army no compensation or remuneration from any source.

### Conclusions of Law

1. Petitioner is entitled to be restored to his former position in the Department of Labor or to a position of like seniority, status and pay and to be compensated for his loss of salary since the date of his application for reinstatement.

2. Petitioner has not been shown to have delayed the prosecution of his claim and the defense of laches interposed by the respondent is not in any respect sustained. The position of respondent has not changed in any essential respect so as to relieve the Department of the obligation to reinstate petitioner.

3. Petitioner is entitled to an order directing respondent to restore him to his former position or to one of like seniority, status and pay. A judgment to that effect will be duly entered.

4. I cannot find as a matter of fact or a question of law that a position which has been held in this case for more than eleven years and which position in all essential respects still exists could be designated as a temporary position or that the person serving in that position can be properly designated as a temporary employee.

### Opinion

As indicated in my comment in open Court at the conclusion of this case, I think the petitioner is entitled to be restored to his position in the Department of Labor of Puerto Rico or to a position of like seniority, status and pay and to be compensated for his loss of salary due to the refusal of the Commissioner of Labor to reinstate him at the time petitioner applied for reinstatement. It is unfortunate that a soldier who has served his country faithfully in time of war and has offered, if necessary, to make the supreme sacrifice in defense of his country, should be compelled to institute proceedings in a court in order to compel an officer of his government to perform in his behalf a duty which is clearly directed by a law of Congress. An examination of the record in this case leaves no doubt that petitioner is entitled to the relief prayed for and that respondent could easily grant the petition without in any way affecting the orderly administration of the Department. An employee of the respondent who testified in this case, Mr. Tiburcio Rosario Luquis, stated that he, as administrative assistant, is now performing in the Department practically all the functions performed by petitioner before his induction into the military service. The record shows that the number of employees in the Department of Labor have been increased rather than reduced. The Civil Service

Commission of Puerto Rico may be authorized to classify personnel in any or all of the departments, but it cannot disregard a clear mandate of the Congress of the United States. The Congress has directed that soldiers occupying the status of petitioner must, when discharged from military service, be reinstated in the position held at the time of induction. Unless it appears that the soldier was at the time a temporary employee or that he is not qualified to perform the duties of the position, he must be reinstated. If his employment is under any department of the United States or in any of the territories or possessions, including the District of Columbia, his reinstatement is mandatory and may not be denied on the basis of any order by the Civil Service Commission or other officer of any Department.

### Judgment

In accordance with the Findings of Fact and Conclusions of Law herein, it is hereby ordered, adjudged and decreed that the Commissioner of Labor or other officer acting in his behalf shall restore petitioner to his former position or to one of like seniority, status and pay and that he be compensated for his loss of salary since his application for reinstatement was made as provided by the act of Congress referred to in the petition. This compensation shall be based upon an annual salary of $3,300.