Civ. A. No. 6013.

District Court, W. D. Pennsylvania.

June 24, 1947.

## LOKER v. ALLIED BLDG. CREDITS, Inc.

No. 4561.

District Court, W. D. Missouri, W. D.

May 26, 1947.

Terrell & Slaughter, Frank H. Terrell and Charles W. Hess, all of Kansas City, Mo., for plaintiff.

Stinson, Mag, Thomson, McEvers & Fizzell and John M. Phillips, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant seeks to have count 1 of plaintiff's petition dismissed on the several grounds, (a) that it fails to state a recoverable claim against the defendant, (b) because the several items of the account stated are barred by the statute of limitations, (c) because during a portion of the time of plaintiff's employment he performed his duties in an administrative capacity, and (d) because the unnamed employees ought not to be permitted to maintain the suit for the reason that no statements as bases of claims have been set forth in their behalf.

The motion to dismiss the first count of the complaint is supplemented by a motion for a summary judgment. Somewhat similar grounds are alleged for the dismissal of Count 2 and particularly is it claimed that said count is barred by the statute of limitations.

The suit by plaintiff was commenced under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Plaintiff claims overtime compensation for work done after the enactment of said statute and before entering military service of the government in January, 1942. Under the statute he asks for a judgment in his own behalf and judgments for others similarly situated.

The second count is brought under the provisions of the law extending the right of one who has served in the armed forces to have restored to him the identical position filled by him at the time of entering the service.

1. Quite clearly both counts of the complaint state a cause of action. The plaintiff details the periods of his service,

the nature of his work, the date of its termination, and the alleged excess of hours during the time of his employment.

■ On the second count he alleges such employment and its termination by reason of his induction into the armed forces and his effort to have restored to him the same employment upon his discharge from military duty and the refusal of the defendant to re-employ him.

Both counts of the complaint state causes of action within the purview of the new Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

■ 2. The question of a statutory bar is one to be urged by an affirmative defense. Such bar is not deduced from the face of the complaint or from necessary exhibits appended thereto. The court could not try such an issue upon affidavits. Such a motion could only be sustained where, without any question of doubt on the facts, the bar of the statute had actually precluded recovery.

■ 3. On the question of the character of work performed by plaintiff, in like manner this must necessarily await the proofs. The court could not try the issue of the nature of said employment on affidavits. The defendant has submitted affidavits containing recitals as to the nature of plaintiff's employment, whereas plaintiff denies the truth of such affidavits and reiterates facts in conformity with the averments of his complaint. It may be that the facts will disclose that the plaintiff was employed in an administrative capacity but the court must await proofs upon such issues when joined by the pleadings.

■ 4. Under the statute, it is permissible for a plaintiff to invoke the benefits of the statute in behalf of others similarly situated. It will be necessary, of course, for such persons to interplead and set forth the details of their claims as has plaintiff in this case. Unless that be done, their rights would be precluded in this case for failure to join issues in plaintiff's action.

The several motions of the defendant ought to be and will be overruled and the defendant will be granted 20 days to plead further.