## DODSON v. ST. LOUIS–SAN FRANCISCO RY. CO.

### No. 810.

United States District Court
W. D. Missouri, S. D.

Sept. 9, 1948.

Sam M. Wear, U. S. Atty. and David A. Thompson, Assistant U. S. Atty., both of Kansas City, Mo., for plaintiff.

No appearance for defendant.

REEVES, Chief Judge.

The motion to dismiss is upon the alleged ground that "the complaint fails to state a claim upon which relief can be granted." This was followed by the averments that the complaint committed felo de so in the respect that its own allegations of facts show that plaintiff is not entitled to the relief he seeks. Furthermore it was complained that upon the face of the complaint it appeared indispensable parties had not been joined.

The action is brought under the provisions of Section 308, Title 50 U.S.C.A. Appendix. In substance it is provided by this section that returning soldiers from the late war shall be entitled to restoration of their employment by private employers "to such position or to a position of like seniority, status and pay" as if the soldier had continuously followed said employment or occupied the same position. There is a further provision that for all the purposes of such restoration the returning soldier "shall be considered as having been on furlough or leave of absence" and "shall be so restored without loss of seniority * * *."

The right of the returning soldier was clarified by the Supreme Court in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, loc. cit. 284, 66 S.Ct. 1105, loc. cit. 1110, 90 L.Ed. 1230, 167 A.LR. 110, as follows: "The Act was designed to protect the veteran in several ways He who was called to the colors was not to be penalized on his return by reason of his absence from

his civilian job. He was, moreover, to gain by his service for his country an advantage which the law withheld from those who stayed behind. * * * Thus he does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war."

This opinion was followed in Trailmobile Co. v. Whirls, 331 U.S. 40, loc. cit. 52, 67 S.Ct. 982, 91 L.Ed. 1328; see also Gauweiler v. Elastic Stop Nut Corporation, 3 Cir., 162 F.2d 448.

In his complaint the plaintiff alleges that when he was inducted into the armed services he held the position of a hostler helper, that said position was within the laborers' group and that when he returned his seniority rights entitled him to the position of machinist's helper. To support his claim to an advanced seniority he quotes certain union agreements entered into by his union with the employer. Furthermore, he names individuals who were not called from their civilian duties who were wrongfully, as he claims, given seniority over him.

1. An examination of the complaint does not disclose a clear and unequivocal statement of the plaintiff's seniority rights. Whether such seniority rights would entitle him to advance from the position of a hostler helper to that of a machinist's helper is not clear and it is for that reason, no doubt, the motion to dismiss was filed.

However, the 8th Circuit Court of Appeals, in Sparks v. England, 113 F.2d 579, loc. cit. 581 and 582, announced the policy of the court as follows: "This Court has consistently disapproved of the practice of terminating litigation, believed to be without merit, by the dismissal of complaints for informality or insufficiency of statement. See Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, 305. If it is conceivable that, under the allegations of his complaint, a plaintiff can, upon a trial, establish a case which would entitle him to the relief prayed for, a motion to dismiss for insufficiency of statement ought not to be granted."

2. Furthermore, the case ought not to be dismissed because of the alleged failure to join alleged indispensable parties. The parties named in the complaint would have a right to intervene if they care to do so. Apparently this has been the practice in similar cases. The question of readjusting positions with respect to seniority would be a problem the defendant would have to work out and is not one for the court to resolve.

In view of the above, the motion to dismiss should be overruled, and it will be so ordered.