## DE LUXE THEATRE CORPORATION v. BALABAN & KATZ CORPORATION et al.

### No. 47 C 889.

United States District Court
N. D. Illinois, E. D.
Jan. 26, 1950.

John Mulder and Frances Cuneo, Chicago, Ill., Abraham W. Brussell of Goldberg, Devoe & Brussell, Chicago, Ill., for plaintiff.

Poppenhusen, Johnston, Thompson & Raymond, Chicago, Ill., for defendants B & K and Paramount.

Mayer, Mayer, Austrian & Platt, Chicago, Ill., for all other defendants.

CAMPBELL, District Judge.

Plaintiff brought this action, seeking damages and injunctive relief, for the alleged violations by defendants of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1, 2. Plaintiff, a so-called neighborhood movie house, charges, among other things, in its complaint that the defendants violated the Act by engaging in such practices as block booking; forcing of short subjects and news reels; arbitrary designation of play dates; protection and clearance; arbitrary, unconscionable and discriminatory film rentals; and minimum admission prices. All defendants filed answers to the complaint and, simultaneously, defendants Balaban and Katz Corporation and Paramount Pictures, Inc., moved to strike Paragraphs 18, 24 and 25 of the complaint as being immaterial. It is on these motions that the cause is now before the Court.

The subject paragraphs contain the following allegations:

"18. The City of Chicago was one of the first cities in the United States where motion pictures were exhibited to the public. In the early 1900's motion pictures were being exhibited in the City of Chicago, both in the downtown business district, hereinafter referred to as the 'Loop', and in the outlying business and residence districts, hereinafter referred to as 'neighborhood theatres'. Several small motion picture studios were active in the early 1900's in the City of Chicago and the business of exhibiting motion pictures spread rapidly throughout the city. The defendant, Balaban and Katz Corporation, a Delaware corporation, was organized and the management of said corporation proceeded to acquire, either by purchase or by building, most of the large movie houses in the Loop and in the neighborhoods. Over a period of years the stockholders of Balaban and Katz Corporation acquired stock interests in some of the other defendant producers and distributors. As a result of the acquisition of such stock the defendant, Balaban and Katz Corporation, has been enabled to acquire such influence and power that it now owns and controls most, if not all of the metropolitan deluxe motion picture houses in downtown Chicago.

\* \* \* \* \* \*

"24. On July 20, 1938, the United States of America filed a suit in equity in the District Court of the United States for the Southern District of New York, in cause numbered Equity No. 87-273 entitled 'United States of America, Plaintiff, v. Paramount Pictures, Inc., et al., defendants,' charging the defendants or their privies in substance with the same violations of Sections 1 and 2 of the Sherman Anti-Trust Act as are charged in this complaint against the same defendants or their privies. On June 11, 1946, a Three Judge Statutory Court filed its memorandum as reported in 66 F.Supp. 323–359, making certain findings and conclusions. This memorandum is incorporated herein and made a part hereof. On December 31, 1946, the said District Court filed a final decree in said cause. Plaintiff states the said adjudication conclusively determines the issues in this complaint in favor of the plaintiff and that defendants are estopped from relitigating any of the issues so previously adjudicated.

\* \* \* \* \* \*

"25. On the 28th day of July, 1942, a suit was filed in the District Court of the United States for the Northern District of Illinois entitled Bigelow et al. v. RKO Pictures et al., Equity No. 4525, reported subsequently in 150 F.2d 877 (the decision of the Circuit Court of Appeals for the 7th Circuit) and 327 U.S. 251 [66 S.Ct. 574, 90 L.Ed. 652] (the decision of the United States Supreme Court). On October 16, 1946, this Court made and entered its final decree in said cause. Plaintiff incorporates herein and makes a part hereof the aforesaid opinions in the two decisions of this cause. Plaintiff also requests this court to take judicial notice of the files and records of said cause in this court. Plaintiff states that the said adjudications conclusively determine the issues raised in its complaint in favor of plaintiff and that defendants are estopped from relitigating any of the issues so adjudicated."

314

■ Paragraph 18 should not be stricken upon these motions. It may be true, as defendants contend, that the stockholders of Balaban and Katz Corporation were not alleged to be parties to an illegal conspiracy, that there was nothing illegal in the acquisition by Balaban and Katz Corporation of the deluxe downtown theatres, and that there is nothing illegal in the stockholders of Balaban and Katz Corporation owning stock in other defendant producers and distributors. However, the Court's power to strike a pleading should be applied judiciously and where, as here, the allegation provides background and historical data, it should be retained. To a certain extent the allegations are conclusory, but it is doubtful whether they are prejudicial to defendants. It must be remembered that almost invariably violations of the Anti-Trust laws are proved inferentially. In the instant case, the defendants have been charged with a conspiracy to violate those laws, and the matter set forth in Paragraph 18 would tend to indicate an opportunity and a motive for engaging in such a conspiracy.

■ Paragraphs 24 and 25 of the complaint are not, however, subject to the same protections. Apparently, plaintiff seeks to invoke 15 U.S.C.A. § 16 to effect their retention, but is prevented from so doing by those very provisions. The pertinent portion of that section provides: "A final judgment or decree rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, This section shall not apply to consent judgments or decrees entered before any testimony has been taken. * * *"

At the time this action was commenced, the case of United States v. Paramount Pictures, Inc., Equity No. 87-273, referred to in Paragraph 24 of the complaint, was on appeal to the United States Supreme Court. It follows, therefore, that no final judgment or decree had been entered in the cause which would constitute prima facie evidence here. Furthermore, the Supreme Court, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, remanded the cause to the District Court for further proceedings, whereupon Paramount Pictures, Inc., and other defendants therein entered into a consent decree with the United States before any testimony had been taken. By so doing, Paramount brought itself within the proviso of Section 16 set forth above. In any event, Balaban and Katz Corporation was not a party to that proceeding and could not be estopped from litigating similar issues in this cause. The same disposition was made of this same problem in Fifth & Walnut, Inc., v. Loew's, Inc., et al., 2 Cir., 1949, 176 F.2d 587.

■ Clearly, the case of Bigelow et al. v. RKO Pictures, et al., referred to in Paragraph 25 of the complaint, creates no estoppel against the defendants in the present suit, since the alleged estoppel lacks the requisite mutuality. The doctrines of res adjudicata and estoppel by judgment are inapplicable unless the same parties have had their day in court touching the matter litigated and unless the judgment is equally available to both parties. Quite obviously, if the judgment in the Bigelow case had been rendered in favor of the defendants, they would not now be permitted to interpose it as a bar to plaintiff's action. Lacking mutuality of reliance, therefore, no estoppel can be asserted.

■ Lastly, in regard to plaintiff's contention that defendants' motions should not properly be considered as motions to strike since they were filed simultaneously with their answers, it is sufficient to state that plaintiff's argument is without merit. The practice of submitting a motion to strike with the answer is both sound and efficient, and serves to avoid protracted pre-trial procedure.

For the above reasons, the motions of defendants Balaban and Katz Corporation and Paramount Pictures, Inc. to strike

Paragraph 18 of the complaint are denied. The motions of the same defendants to strike Paragraphs 24 and 25 of the complaint are granted, and the same are hereby accordingly stricken.