Douglas K. SCHILZ, Plaintiff-Appellant,

v.

CITY OF TAYLOR, MICHIGAN, and Fire and Police Civil Service Commission, an Office of the City of Taylor, Defendants-Appellees.

No. 86–1768.

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1987.

Decided June 25, 1987.

---

Karl Overman, Asst. U.S. Atty., Detroit, Mich., William H. Berger, argued, U.S. Dept. of Labor, Atlanta, Ga., for plaintiff-appellant.

Allen J. Kovinsky, Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon, P.C., Matthew G. Curtis, Sommers, Schwartz, Silver, and Schwartz, P.C., Patrick Burkett, argued, Southfield, Mich., for defendants-appellees.

Before MERRITT and MARTIN, Circuit Judges; and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this case brought pursuant to the Veteran Reemployment Rights Act, the plaintiff is seeking an adjustment in his seniority for time spent in the military service. 38 U.S.C. § 2021 (1982).[1] Because we disagree with the District Court's determination that the plaintiff was not entitled to an adjustment in his seniority for his military service, we reverse.

The plaintiff was originally employed as a police cadet for the City of Taylor on March 20, 1972. Less than 2 months later, on May 10, 1972 he left the force to enter military service. He was honorably discharged on May 15, 1975 and returned to his position of police cadet on June 9, 1975. On June 16, 1975 he was enrolled in officer's training school and upon completion he was promoted to police officer with a seniority date of August 4, 1975. After a probationary period of one year as an officer, he was promoted to current position of corporal. The plaintiff claims that his seniority date should be adjusted pursuant to the Veterans Reemployment Rights Act because but for his military service he would have an anniversary date of June 15, 1973. This is 3 months after his 21st birthday.

▪ This case was decided by the District Judge based on cross motions for summary judgment, 640 F.Supp. 160. It presents a question of law as to whether

---

1. The relevant portion of the statute provides as follows:

(b)(1) Any person who is restored to or employed in a position in accordance with the provisions ... of this [statute] ... shall be considered as having been on furlough or leave of absence during such person's period of training and service in the Armed Forces, shall be so restored or reemployed without loss of seniority....

(2) It is hereby declared to be the sense of the Congress that any person who is restored to or employed in a position in accordance with the provisions ... of this [statute] ... should be so restored or reemployed in such manner as to give such person such status in the person's employment as the person would

have enjoyed if such person had continued in such employment continuously from the time of such person's entering the Armed Forces until the time of such person's restoration to such employment, or reemployment.

....

(c) The rights granted by subsections (a) and (b) of this section to persons who left the employ of a State or political subdivision thereof and were indicted into the Armed Forces shall not diminish any rights such persons may have pursuant to any statute or ordinance of such State or political subdivision establishing greater or additional rights or protections.

38 U.S.C. § 2021(b)(1), (b)(2), (c) (1982).

the facts as found by the District Court constitute a sufficient basis for a finding that it was "reasonably certain" that the plaintiff would have been promoted to police officer but for his departure to serve in the military. Our review as to this question is plenary. *See Gulf States Paper Corp. v. Ingram,* 811 F.2d 1464, 1468 (11th Cir.1987) (citing cases).

In *Tilton v. Missouri Pacific R.R.,* 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964), the United States Supreme Court set out the standard to be applied in cases such as this. In that case, the Court rejected an absolutely foreseeable test in favor of a reasonable certainty standard. *See id.* at 179–80, 84 S.Ct. at 601–02. "This requirement is met if, as a matter of foresight, it was reasonably certain that advancement would have occurred, and if, as a matter of hindsight, it did in fact occur." *Id.* at 181, 84 S.Ct. at 602.

This standard requires more than that the employer had hypothetical discretion to deny the promotion. Rather, to defeat a claim under the Act, the employer must show that this discretion in fact was exercised to deny advancement from time to time. *Cf. Montgomery v. Southern Electric Steel Co.,* 410 F.2d 611, 615 (5th Cir. 1969) (drawing a distinction between affirmative and negative managerial discretion).

The only issue is therefore whether "with foresight there was a reasonable certainty"—*i.e.,* a high probability—that the plaintiff would have achieved the status of officer with the rest of his class had he not entered the armed forces. There are two methods of becoming a police officer in the City of Taylor. One is by entering the police cadet program. Police officers must be 21 years old; however, one can become a police cadet at 18. When one enters the cadet program one is given the same testing as the potential police officers are and is ranked according to eligibility. When a police cadet reaches the age of 21 he is eligible for advancement to police officer without being tested again, provided that he has met the working requirements of the department.

The plaintiff has demonstrated that all the police cadets hired from 1972–75 who continued as police cadets until their 21st birthday were in fact entered into officers training school within 3 months of their 21st birthday if they had served at least a one-year probationary period as a police cadet before turning 21. The plaintiff would have served as a police cadet at least a year before his 21st birthday had he not left the employ of the City of Taylor police department to serve in the military. Immediately upon his return from the military he was in fact entered into officer's training which he successfully completed. He was later promoted to corporal and is currently serving as a police corporal in the City of Taylor police department.

Based on these facts, we find that the plaintiff had a reasonable certainty of becoming a police officer within 3 months of his 21st birthday. We, therefore, conclude that the plaintiff was entitled to an award of seniority as of June 15, 1973.

Accordingly, we reverse and remand for proceedings consistent with this opinion.