# WILLIAM J. GLASSER, Plaintiff
## v.
# THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 1993-214

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 17, 1994

MOORE, *Chief Judge*

## MEMORANDUM OPINION

On December 22, 1993, plaintiff William J. Glasser ("Glasser") filed the instant action against the Government of the Virgin Islands. In his complaint, Glasser alleges that the Government of the Virgin Islands violated the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 4321–4327 ("the Act"),[1] by failing to pay him an appropriate salary when it reemployed him as legal counsel to the Commissioner of Economic Development and Agriculture ("EDA") on May 7, 1991, following Glasser's absence from that position for approximately one and one-half years during which period he served on active duty in the Army National Guard of the United States Virgin Islands. According to his complaint, Glasser was paid $43,000 when he left the position, and he received the same salary upon his return notwithstanding the fact that other individuals who worked in the same position during his absence were paid a higher salary. Glasser seeks an order directing the government to increase his salary and to pay him lost wages and benefits for the period he was paid the lower wage.

Because this litigation has generated a host of motions, this Court held oral argument on April 15, 1994. Included were motions by the government to strike certain paragraphs of plaintiff's complaint, to dismiss the complaint, and to disqualify the United States Attorney from representing plaintiff, all of which plaintiff has opposed. Plaintiff has also filed motions to dismiss a counterclaim filed by the government and for summary judgment.

---

[1] These sections were renumbered in 1992. Previously, they were designated as sections 2021 through 2027 of Title 38.

## DISCUSSION

### I. Motion of the Government to Strike Certain Paragraphs of Plaintiff's Complaint

The government has moved to strike paragraphs seven, fifteen, and sixteen of plaintiff's complaint, contending that those paragraphs contain conclusory allegations unsupported by allegations of fact. In his opposition to the motion to strike, plaintiff argues that the objections to the complaint articulated by defendant are not within the scope of a motion to strike and, to the extent the motion to strike is actually a motion to dismiss for failure to state a claim, it must be denied.

■ We agree that there is no basis upon which to grant a motion to strike. As plaintiff accurately notes, a motion to strike is appropriate only if the material in question is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).[2] The government has not alleged, and this Court cannot conclude, that the allegations in any of the paragraphs listed above fall into any of these categories. Moreover, as other courts in this circuit have recognized, the standard for granting a Rule 12(f) motion is "strict"[3] and such motions should not be readily granted absent a showing of prejudice to the movant.[4]

■ We also do not believe that plaintiff's complaint is subject to dismissal for failure to state a claim. The government contends that Glasser would not be entitled to any relief even if this Court accepts the allegations in the complaint as true because he has not alleged that the increased compensation paid to the individual who

---

[2] Plaintiff also contends that the motion to strike should be denied because it is untimely. Defendant's motion was filed on the same date as its answer and counterclaim. Although, as plaintiff accurately notes, Rule 12(f) provides that a motion to strike should be filed "before responding to a pleading," we do not believe that it is inappropriate to consider a motion to strike that is filed contemporaneously with a responsive pleading. See De Luxe Theatre Corp. v. Balaban & Katz Corp., 88 F. Supp. 311, 314 (N.D. Ill. 1950) (stating that "[t]he practice of submitting a motion to strike with the answer is both sound and efficient, and serves to avoid protracted pretrial procedure").

[3] In re Catanella & E.F. Hutton & Co. Secs. Litig., 583 F. Supp. 1388, 1400 (E.D. Pa. 1984).

[4] See Abrams v. Lightolier, Inc., 702 F. Supp. 509, 511 (D.N.J. 1988).

acted as legal counsel during his absence was attributable solely to seniority or some other automatic progression, rather than an exercise of discretion by his employer. In addition, the government has urged this Court to rule Glasser's complaint legally insufficient because he has not alleged a specific dollar amount that he should have been paid upon his return or requested a specific amount of monetary damages. Although plaintiff might have crafted his allegations with greater precision, the complaint is not subject to dismissal absent a clear demonstration that Glasser cannot demonstrate a violation of the Act. See Llanos v. Davis Beach Co., 26 V.I. 367, 371 (D.V.I. 1991); Lawetz v. Bank of Nova Scotia, 23 V.I. 132, 138 (D.V.I. 1987). Glasser's allegations—that he was employed by the government as legal counsel for the Department of Economic Development and Agriculture from 1987 until 1988, that he left that position to serve in the Armed Forces, and that he was paid the same salary immediately preceding his departure and upon his return even though the individual acting in this position during his absence received a higher salary—sufficiently allege a violation of the Act. See Dodson v. St. Louis-San Francisco Ry., 81 F. Supp. 356, 357 (W.D. Mo. 1948) (declining to dismiss complaint for failure to state a claim even though complaint did not contain "a clear and unequivocal statement of the plaintiff's seniority rights"); Loker v. Allied Building Credits, Inc., 7 F.R.D. 358, 360 (W.D. Mo. 1947) (refusing to dismiss complaint alleging "employment and its termination by reason of [plaintiff's] induction into the armed forces and his effort to have restored to him the same employment upon his discharge from military duty and the refusal of the defendant to re-employ him").

## II. Motion of the Government to Dismiss Plaintiff's Complaint and to Disqualify the United States Attorney

As noted, the government contends that plaintiff's complaint must be dismissed because this Court lacks subject matter jurisdiction to adjudicate this dispute. In support of this contention, the government points to the enforcement provision of the Act, 38 U.S.C. § 4322, which provides in relevant part as follows:

If any employer, who is a private employer or a State or political subdivision thereof, fails or refuses to comply with the provisions of section 4321(a), (b)(1), or (b)(3), or 4324 of this title, the district court of the United States for any district in which

such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, shall have the power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. . . . Upon application to the United States attorney or comparable official for any district in which such private employer exercises authority or carries out its functions, by any person claiming to be entitled to the benefits provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions.

The government also contends that because this provision does not refer to territories, the Office of the United States Attorney does not have the authority to represent plaintiff.

Plaintiff's response to this motion is two-fold. First, plaintiff asserts that the definitional portion of the Act provides that "[t]he term "State" means each of the several States, territories, and the possessions of the United States, the District of Columbia, and the Commonwealth of Puerto Rico." 38 U.S.C. § 101(20). Second, plaintiff asserts that the general federal question statute, 28 U.S.C. § 1331, vests this Court with jurisdiction over this matter because this dispute is a civil action "arising under the . . . laws . . . of the United States." Id.

We begin our analysis of this issue by observing that the conclusion urged by the Government of the Virgin Islands—that Congress has not provided employees of this and other possessions of the United States with the ability to enforce rights seemingly conferred by the Veterans' Reemployment Act—is not entirely devoid of support in the language and structure of the Act itself. Although the definitional portion of the Act includes territories and other possessions of the United States within the category of "states," the Act elsewhere distinguishes between individuals employed by

101

states and their political subdivisions, on the one hand, and persons employed by the United States, its possessions, and the District of Columbia, on the other hand.[5] For example, section 4322 explicitly creates a judicial remedy when a violation is occasioned by a "private employer or a State or political subdivision thereof."[6] Section 4323, by contrast, establishes administrative procedures to address violations by the executive, legislative, or judicial branches of the federal government or by the government of the District of Columbia.[7]

Although both parties have located cases addressing predecessor statutes, these cases unsurprisingly reach divergent results. For example, in Insular Police Commission v. Lopez, the First Circuit decided that the District Court of Puerto Rico did not have jurisdiction over an action to enforce a veteran's reemployment rights against the government of the then-territory. 160 F.2d 673 (1st Cir.), cert. denied, 331 U.S. 855 (1947). In doing so, the Court of Appeals relied on a line of cases that had held that the United

---

[5] Compare 38 U.S.C. § 4321(a)(A) (establishing a right to reemployment for persons "in the employ of the United States Government, its territories, or possessions or political subdivisions thereof, or the District of Columbia") with id. § 4321(a)(B) (establishing a similar right for individuals "in the employ of a state or political subdivision thereof, or a private employer").

[6] See supra pp. 5–6.

[7] Section 4323 provides in part as follows:
[if] upon appeal of any person who was employed, immediately before entering the Armed Forces, by any agency in the executive branch of the Government or by the District of Columbia, the Director of the Office of Personnel Management finds that—
 (1) such agency is no longer in existence and its functions have not been transferred to any other agency; or
 (2) for any reason it is not feasible for such person to be restored to employment by such agency or by the District of Columbia;
the Director shall determine whether or not there is a position in any other agency in the executive branch of the Government or in the government of the District of Columbia for which such person is qualified and which is either vacant or held by a person having a temporary appointment thereto. . . . The Director is authorized and directed to issue regulations giving full force and effect to the provisions of this section insofar as they relate to persons entitled to be restored to or employed in positions of the executive branch of the Government or in the government of the District of Columbia. . . . The agencies in the executive branch of the Government and the government of the District of Columbia shall comply with such rules, regulations, and orders issued by the Director pursuant to this subsection. 38 U.S.C. § 4323(a).

States is not obligated to provide a judicial remedy when it creates rights in citizens against itself. See id. at 676 (citing Lynch v. United States, 292 U.S. 571 (1934)). Lopez was subsequently followed by the District Court for the District of Columbia. In Campbell v. Deviny, that court held that only individuals employed by private entities, and not persons employed by the federal government, were entitled to turn to the federal courts to seek enforcement of rights conferred by the Selective Service and Training Act. 81 F. Supp. 657 (D.D.C. 1949), aff'd, 194 F.2d 881, cert. denied, 344 U.S. 826 (1952). The court reasoned that "[t]he failure to grant judicial enforcement of such rights was not an oversight by Congress" because "[i]t is clear that Congress intended to limit the rights of returning veterans to reemployment in the Federal Service to administrative action." Id. at 660.

On at least two occasions, the District Court of Puerto Rico has permitted a suit to enforce reemployment rights to proceed against the local government. In one such case, the court did so without explicitly considering the issue of subject matter jurisdiction. See Rosario v. Department of Labor, 68 F. Supp. 1 (D.P.R. 1946).[8] In a subsequent case, the court explicitly rejected a challenge to its jurisdiction to hear a lawsuit brought to enforce the Veterans' Reemployment Act, finding that the action was not barred by the Eleventh Amendment. See Camacho v. Public Service Commission, 450 F. Supp. 231 (D.P.R. 1978). Finally, in a case construing the Universal Military Training and Service Act, the District of Columbia Circuit concluded that the fact that the Act "provide[d] an express judicial remedy for violation of the reemployment provisions only where there is a 'private' employer" should not be deemed "an implied repealer of the traditional jurisdiction of the District Court . . . to award damages against the Government." Carter v. United States, 407 F.2d 1238, 1242 n.5 (D.C. Cir. 1968).

Although the work of this Court and perhaps that of the litigants themselves would have been far less complicated if the provisions of the Act had been more carefully crafted, we nevertheless conclude that this Court has subject matter jurisdiction over the instant dispute. In reaching this conclusion, we begin with the general

---

[8] Because Rosario did not address the all-important issue of subject matter jurisdiction and because it predated the First Circuit's Lopez decision, Rosario arguably provides little, if any, guidance here.

principle that courts should construe statutes to avoid absurd results whenever possible. See, e.g., United States v. Schneider, 14 F.3d 876, 880 (3d Cir. 1994); United Steelworkers of America v. North Star Steel Co., 5 F.3d 39, 42 (3d Cir. 1993), cert. denied, 114 S. Ct. 1060 (1994). We also note that this particular statute must be "liberally construed for the benefit of [veterans]." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285 (1946).[9] The government, however, urges us to determine that individuals, such as Glasser, who are employed by territorial governments are not entitled to seek judicial enforcement of their statutory rights, even though it concedes that the Act does not provide any administrative remedies for such individuals.[10] We do not agree with the government's interpretation of the Act. Moreover, our finding that this Court does have subject matter jurisdiction over this dispute is consistent with the definitional portion of the Act and with Congress's overall intent in enacting this statute.

■ Having determined that Congress did not bar residents of territories from resorting to federal courts to enforce the rights conferred by the Veterans' Reemployment Act, we also conclude that residents of the Virgin Islands may be represented in such lawsuits by the United States Attorney, just like residents of the fifty states. Accordingly, we will deny defendant's motion to disqualify as well as its motion to dismiss.[11]

---

[9] The Supreme Court has instructed courts to "construe the separate provisions of the Act as parts of an organic whole and give each as liberal a construction for the benefit of the veteran as a harmonious interplay of the separate provisions permits." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285 (1946); see also Woods v. Glen Alden Coal Co., 73 F. Supp. 871, 874 (M.D. Pa. 1947) (quoting Fishgold).

[10] During oral argument, this Court specifically requested counsel for the local government to describe the administrative remedies available to its employees. Her inability to do so was not surprising since the provisions of the Act that discuss the role of the Office of Personnel Management relate only to veterans employed by the District of Columbia or the United States. See 38 U.S.C. § 4323.

[11] The Government of the Virgin Islands also contended that the United States Attorney should be barred from representing the plaintiff in a lawsuit such as this because Congress has authorized that office to represent the local government. See Revised Organic Act of the Virgin Islands § 27 (codified at 48 U.S.C. § 1617) (stating that "[t]he United States Attorney may, when requested by the

## III. Motion of Plaintiff to Dismiss the Government's Counterclaim

In addition to Glasser's claim arising from the alleged failure of the Government of the Virgin Islands to compensate him at the salary that he would have received if his civilian employment had not been interrupted by military service, the government has asserted its own claims against Glasser for misappropriation and breach of fiduciary duty. In its counterclaim, the government contends that between April and December 1992, Glasser incurred substantial personal charges on a government-issued credit card and that despite repeated demands, Glasser has failed to reimburse the government for these charges.

Glasser has filed a motion to dismiss the counterclaim on the grounds that this Court lacks jurisdiction over it. Predictably, the government has filed an opposition to Glasser's motion. Essentially, the parties disagree about whether the counterclaim arises out of the same transaction or occurrence as the primary claim put forth by Glasser. If it does, the counterclaim should be designated as "compulsory" and this Court may adjudicate it; on the other hand, if it does not, then the counterclaim is properly deemed "permissive" and we may grant plaintiff's motion to dismiss. See Fed. R. Civ. P. 13(a)–(b).

Precedent in the Third Circuit teaches that a counterclaim is compulsory if it "bears a 'logical relationship' to an opposing party's claim." Great Lakes Rubber Corporation v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961) (citation omitted). "Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." Id.; see also Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978) (quoting Great Lakes). The government contends that its counterclaim and plaintiff's claim are "offshoots of the same basic controversy" because

governor or the Attorney General of the Virgin Islands, conduct any . . . legal proceeding[ ] to which the government of the Virgin Islands is a party in the district court or the courts established by local law"). Clearly, no such request was made in this case and counsel for the government was unable to cite any recent instance when this provision has been invoked by the local government. The speculative possibility of a conflict does not present a sound basis for granting the government's motion to disqualify.

both claims arise out of the employer-employee relationship between the parties. In addition, the government maintains that in order to prevail, Glasser must establish that the benefits in question would necessarily have been conferred simply as a result of an increase in seniority—an inquiry that will entail an evaluation of job performance and the like. Glasser, however, argues that the factual issues relevant to his primary claim—whether he was employed in a non-temporary position prior to serving in the military, the amount of his salary when he left government service, his salary when he returned one and one-half years later, and whether the government increased the salary for this position during his absence—are wholly unrelated to the factual issues that bear upon the government's counterclaim, such as whether there was credit card account in existence as alleged by the government, whether he made charges on that account, and whether those charges were authorized. Glasser also argues that there are no legal similarities between federal law designed to protect veterans and territorial law concerning debts and unauthorized purchases and, finally, that the counterclaim is not an offshoot of the controversy that prompted his lawsuit.

■ We agree with plaintiff's contention that the government's counterclaim is permissive rather than compulsory and that accordingly, this Court does not have jurisdiction over it. See Great Lakes, 286 F.2d at 633 ("A federal court has ancillary jurisdiction of the subject matter of a counterclaim if it arises out of the transaction or occurrence that is the subject matter of an opposing party's claim of which the court has jurisdiction"). As the allegations in the counterclaim plainly state, the corporate credit card was issued in April 1992 and the improper charges were allegedly incurred between April and December 1992. However, the last acts relevant to Glasser's claim occurred on or about May 7, 1991 when Glasser was reemployed by the government at a salary lower than his immediate predecessor received. Whether the government justifiably refused to increase Glasser's salary thereafter due to employment-related misconduct would appear to be entirely unrelated to an inquiry concerning the salary to which he was entitled immediately upon his return to government service. If only a discretionary, performance-related salary increase was granted to Glasser's predecessor, rather than an automatic seniority-based raise, the

government may prevail and it is not relevant whether Glasser was thereafter denied additional promotions because of suspected or actual misconduct. Because we cannot find that the two claims either involve the same factual issues or are offshoots of the same basic controversy, and because the legal issues are clearly dissimilar, we must grant plaintiff's motion to dismiss the counterclaim.

## IV. Motion of Plaintiff for Partial Summary Judgment

Plaintiff has also moved for partial summary judgment pursuant to Fed. R. Civ. P. 56(d). Glasser contends that the allegations in his complaint along with the admissions in defendant's answer establish that there is no genuine, factual dispute that the salaries of certain government employees, including that of the legal counsel to the Department of Economic Development and Agriculture, were increased while Glasser was serving in the military and that Glasser was nevertheless paid the same salary upon his return to civilian employment as he was paid immediately prior to his departure. Accordingly, Glasser contends that he is entitled to a determination that, as a matter of law, the government violated the Veterans' Reemployment Act.

In its opposition to Glasser's motion for summary judgment and cross-motion for judgment in its favor, the government admits that Glasser's predecessor was paid a higher salary than it offered Glasser upon his return to civilian service. However, the government strenuously contends that this fact alone does not create a claim of entitlement for Glasser because the salary increase was of a discretionary rather than automatic nature. In essence, the government urges this Court to adopt the reasoning advanced nearly five decades ago by another district court in this circuit which stated that:

> Where the wage increase of a particular position results neither from an overall company wage policy, nor from automatic in-grade increases, the veteran is not automatically entitled to an increased wage for the sole reason that another who presently holds the same or a like position as that formerly held by the veteran is presently receiving a higher wage.

Kay v. General Cable Corp., 63 F. Supp. 791, 795 (D.N.J. 1946).

According to defendant, the applicable salary guidelines are set forth in two Executive Orders promulgated by the Governor of the

107

Virgin Islands. The first of these orders, which was in effect prior to the date when Glasser commenced military service, provided that Executive Level II employees were to be paid "at the rate of not less than $40,000 per annum nor more than $47,500 per annum." Pursuant to this order, Glasser was paid a salary of $43,000 in 1989. During Glasser's absence from civilian employment, the Governor amended Executive Order No. 301–1987 in 1990 to provide that Executive Level II employees could be paid a maximum annual salary of $54,500. That directive, Executive Order No. 325–1990, did not increase the minimum salary for Executive Level II employees; in addition, it provided that "[n]othing in this Order shall be construed as vesting in any employee of the Exempt Service of the executive Branch of the Government of the Virgin Islands, a right to have his or her salary adjusted." Under both orders, the salary of individual employees was determined by the Governor in consultation with the Director of Personnel and the director of the department or agency in which the individual was employed. These persons were required to consider a list of ten factors in setting salaries.[12] The government accordingly contends that since the salary that Glasser was paid upon his return to government service was within the range prescribed by Executive Order No. 325–1990, Glasser's motion for summary judgment must be denied and it is entitled to a determination as a matter of law that it did not violate the Act.

---

[12] The factors are as follows:
  (1) the previous managerial experience of the individual in other positions of authority;
  (2) the number of persons to be supervised by the individuals;
  (3) the volume or nature of work for which the individual is responsible;
  (4) the amount paid other individuals within the Government in similar positions;
  (5) the length of time the individual has served in Government in good standing;
  (6) the ability of the individual to execute the policy of the Administration as rehired by the authority and purposes of the position;
  (7) the previous salary of the individual;
  (8) the salaries of those persons to be supervised by the individual;
  (9) the professional and technical draining of the individual;
  (10) such other information as the Governor determines is relevant to the position and the individual being considered for the position and that will contribute to the effective and efficient management of Government.

■ If this was the only material before the Court, we might be inclined to deny Glasser's motion for summary judgment. However, Glasser also contends that, even if the Governor in his 1990 Executive Order purported to retain discretion concerning salary increases, he in fact did not exercise such discretion, but instead increased the salary of all individuals classified as "Executive Level II" employees.[13] As other courts have recognized, defeating a charge that the Act has been violated "requires more than [a showing] that the employer had hypothetical discretion to deny [a raise]." Schilz v. City of Taylor, 825 F.2d 944, 946 (6th Cir. 1987). Instead "the employer must show that this discretion in fact was exercised to deny advancement from time to time." Id.; see also Hatton v. Tabard Press Corp., 406 F.2d 593, 597 (2d Cir. 1969) (concluding that "element of management discretion was too narrow to defeat [veteran's] suit"); Power v. Northern Illinois Gas Co., 388 F.2d 427, 429 (7th Cir. 1968) (finding that a veteran was entitled to increased seniority and salary benefits when, notwithstanding language in the bargaining agreement, "promotion was virtually automatic" in practice).[14]

■ It is well-established that when a movant comes forward with affidavit or other evidence to support a motion for summary judgment, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse

---

[13] Glasser has submitted a declaration in support of his motion in which he states that he was informed by the Commissioner and the Assistant Director of the Accounting Division for EDA that "all of the Department['s] . . . employees who held Executive Level II posts received salary increases" and that "none of these increases were smaller than $5,000." Declaration of William J. Glasser ¶ 3.

[14] This is consistent with Supreme Court precedent holding that a veteran must demonstrate with reasonable, but not absolute, certainty that he would have received the benefits in question absent a leave for military purposes. As the Court has stated:

It would be virtually impossible for a veteran to show . . . that it was absolutely certain "as a matter of foresight" when he entered military service, that all circumstances essential to obtaining an advancement in status would later occur. To exact such certainty as a condition for insuring a veteran's seniority rights would render these statutorily protected rights without real meaning. . . . In light of the purpose and history of the statute, however, we cannot assume that Congress intended possibilities of this sort to defeat the veteran's seniority rights.

Tilton v. Missouri Pac. R.R., 376 U.S. 169, 180–81 (1964).

party's response, by affidavit or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). As noted, Glasser has submitted a sworn declaration in support of his motion for summary judgment, and the government has failed to bring to this Court's attention affidavits, depositions, answers to interrogatories, or admissions to show that there is a genuine factual dispute concerning the criteria for granting raises to Executive Level II employees in the Department of Economic Development and Agriculture following the issuance of the 1990 Executive Order.[15] Accordingly, because the evidence in the record demonstrates that all employees of EDA who were classified in the same category as Glasser received salary increases of at least $5,000, and because it is a violation of the Act to withhold a similar salary increase from a returning veteran such as plaintiff, we conclude that the government has violated the Act and that Glasser is entitled to summary judgment in his favor as to this issue.

## CONCLUSION

Since 1940,[16] Congress has on several occasions reaffirmed its intention that the returning veteran should "not step back on the seniority escalator at the point he stepped off." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 284 (1946). By failing to provide the same salary increase to plaintiff that other employees received in his absence, the government has violated this principle. We therefore conclude that plaintiff is entitled to partial summary judgment in his favor. Furthermore, because defendant's counterclaims do not relate to the same "transaction or occurrence" as plaintiff's claims, we grant the motion to dismiss the counterclaim filed by the government. An appropriate order will be entered.

---

[15] The government also has not made a request, pursuant to Fed. R. Civ. P. 56(f), for a continuance to obtain affidavits or other sworn testimony.

[16] See Tilton v. Missouri Pac. R.R., 376 U.S. 169, 174 (1964) (discussing early versions of the statute protecting seniority rights of veterans); Camacho v Public Serv. Comm'n, 450 F. Supp. 231, 233 (D.P.R. 1978) (same).

## ORDER

Upon consideration of the premises, and the Court being duly advised, it is hereby

ORDERED that the motion of the Government of the Virgin Islands to strike paragraphs seven, fifteen, and sixteen of plaintiff's complaint is DENIED; and it is further

ORDERED that motion of the Government of the Virgin Islands to dismiss this action for lack of subject matter jurisdiction is DENIED; and it is further

ORDERED that the motion of the Government of the Virgin Islands to disqualify the Office of the United States Attorney from representing plaintiff William J. Glasser in this action is DENIED; and it is further

ORDERED that the motion of plaintiff William J. Glasser to dismiss the counterclaim filed against him by the Government of the Virgin Islands is GRANTED; and it is further

ORDERED that the motion of plaintiff William J. Glasser for partial summary judgment is GRANTED; and it is further

ORDERED that the cross-motion of the Government of the Virgin Islands for summary judgment is DENIED; and it is further

ORDERED that this matter is scheduled for a hearing on damages on June 17, 1994 at 9:00 a.m.