479 A.2d 565

**RAD SERVICES, INC., and Big Bear Oil Co., Inc.**

**v.**

**AMERICAN REFINING GROUP, INC., Appellant.**

. Superior Court of Pennsylvania.

Argued April 10, 1984.

Filed June 22, 1984.

Reargument Denied Aug. 31, 1984.

Petition for Allowance of Appeal Denied Jan. 17, 1985.

Peter F. Marvin, Philadelphia, for appellant.

Thomas M. Mulroy, Pittsburgh, for appellees.

Before ROWLEY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

This is an appeal by appellant, American Refining Group, Inc., from the judgment entered on May 27, 1982. We affirm.

Appellees, RAD Services, Inc. and Big Bear Oil Co., Inc., operated retail gasoline stations, and they purchased their product from the appellant, who is a wholesale distributor of petroleum products. The appellees began to experience substantial unexplained inventory shortages, and each undertook numerous steps to ascertain their cause. The time period in which the appellees received an insufficient amount of gas was from September 1977 to October 1978. After investigating a number of possibilities, the appellees determined these shortages were due to a defect in the metering device employed by the appellant at its storage terminal in measuring the amount of gas being loaded into the appellees' trucks.

Consequently, the appellees initiated an assumpsit action against appellant to be reimbursed for the amount of gasoline they paid for but never received. A jury trial was held, and the jury returned a verdict on December 7, 1981 in the appellees' favor. The trial judge denied appellant's motions for a new trial and judgment n.o.v. It is from this denial that appellant presently appeals.

Two contentions are presented for our consideration. First, appellant argues the trial court improperly refused its motion for a judgment n.o.v. because, as a matter of law, the appellees had not notified the appellant within a reasonable time of the gasoline terminal metering defect. Therefore, appellant argues the appellees should have been barred from any recovery.

Our scope of review of the lower court's ruling on a motion for judgment n.o.v. was comprehensively enunciated in *Eldridge v. Melcher,* 226 Pa.Super. 381, 385–86, 313 A.2d 750, 753 (1973):

A judgment n.o.v. is the directing of a verdict in favor of the losing party, despite a verdict to the contrary. It may only be entered in a clear case where the evidence is insufficient to sustain a verdict against him.... Judgment n.o.v. is inappropriate if the evidence on a material point presented an issue of fact for decision by the jury. This method of attacking the verdict may never be uti-

lized so as to invade the province of the jury, especially where that determination is based partly on questions of conflicting testimony and credibility of witnesses..... Where such questions were determined by the trier of fact, and if there is reasonable support for the verdict which was rendered, a judgment n.o.v. will not be granted, as the weight of the evidence is a jury matter .... and may only be raised by a motion for a new trial if the verdict is contrary to the weight of the evidence. As to whether there is reasonable support in the evidence for the verdict, it should be noted that the evidence may be found sufficient, though it be meager or uncorroborated. (citations omitted)

*Accord: Hopkins v. Stepler,* 315 Pa.Super. 372, 461 A.2d 1327 (1983); *Shuman Estate v. Weber,* 276 Pa.Super. 209, 419 A.2d 169 (1980). Thus, if reasonable support for the verdict is present, judgment n.o.v. should not be granted. In discerning whether the verdict is reasonably supported, the evidence must be considered in a light most favorable to the verdict winner. All conflicts must be resolved in favor of the verdict winner; and he must be given the benefit of every reasonable inference arising from the evidence. *Feld v. Merriam,* 314 Pa.Super. 414, 461 A.2d 225 (1983).

■ The commercial transaction between the litigants is governed by 13 Pa.C.S. § 2607(c)(1) which states:

(c) *Notice of Breach.—Where a tender has been accepted:*

(1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;

Appellant's position is that appellees should have discovered their gas shortage due to defects in appellant's terminal meter earlier, and appellees' failure to do so rendered their notice of the breach unreasonable, as a matter of law. We disagree. The mere fact that it took a number of months for the appellees to discover the gas shortage and to determine it was the result of appellant's faulty terminal meter

does not make appellees' notice unreasonable as a matter of law.

The most vexatious and frequently litigated [U.C.C.] 2–607(3)(a) question is: what constitutes a "reasonable time" within which the buyer "should have discovered any breach" and have notified the seller? On reading the cases one is tempted to say that a reasonable time in this context has as many meanings as there are fact patterns in the cases.

White & Summers, Uniform Commercial Code § 11–10 (2nd ed. 1980).

A reasonable time is defined by 13 Pa.C.S. § 1204(b) as: "What is a reasonable time for taking any action depends on the nature, purpose, and circumstances of such action." Moreover, the framework to properly consider the circumstances under which appellees acted was established at trial through ample and uncontradicted testimony outlining appellees' normal business practice.[1] The testimony at trial concerning appellees' method of buying wholesale gasoline and inventorying their supply presents for the jury a factual question as to whether the appellees discovered the problem within a reasonable time.

Whether a buyer discovers a breach and gives notice of it within a reasonable time is normally a jury question. *Q. Vandenberg & Sons, N.W. v. Siter,* 204 Pa.Super. 392, 204 A.2d 494 (1964); *Rowe Intern., Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830 (8th Cir.1981). Only under the situation where the facts are undisputed and the buyer clearly ought to have known of the alleged defect does the question of reasonableness become one for the court. *Necho Coal Company v. Denise Coal Company,* 387 Pa. 567, 128 A.2d 771 (1957). Pennslyvania courts have historically recognized that business custom and usage may reasonably defer the discovery of a defect. *Crunden Martin Mfg. Co. v.*

---

1. The trial testimony of appellees' business method on this matter presents a practice that occurred with such regularity that it may properly be considered a usage of trade as defined by 13 Pa.C.S. § 1205(b).

*Turner*, 274 Pa. 425, 118 A. 365 (1922). Evidence was introduced at trial that the situation for our review was such a case. It was within the jury's province to evaluate the reasonableness of appellees' notice. However, its status as a factual question renders meritless appellant's request for a judgment n.o.v.

■ Second, appellant argues the jury's conclusion that the appellant was responsible for the losses claimed by the appellees was based upon insufficient evidence, and, therefore, the trial court's denial of its motion for a judgment n.o.v. was in error. Our review of the trial record verifies that the appellees introduced evidence documenting that the appellant was responsible for their gasoline shortage. Mindful of our scope of review, we find appellant's argument unpersuasive. The mere presentation of this evidence is sufficient to defeat appellant's motion for a judgment n.o.v.

The May 27, 1982 judgment is affirmed.