**Herbert TRUHE, Plaintiff,**

**v.**

**John RUPELL, Individually and in his Official Capacity as Chief of Police of the Borough of Palmerton; Charles Cebrosky, Individually and in his Official Capacity as then Acting Chief of Police for the Borough of Palmerton; Guy Zern, Individually and in his Official Capacity as Mayor of the Borough of Palmerton; Kenneth Heiney, Barry Sherer, Peter Delich, Clair Fatzinger, Siefgried Kratzel, David Lucia and Gerald Geiger, Individually and in their Official Capacities as Council Members of the Borough of Palmerton; John Kasten, Individually and in his Official Capacity as Borough Manager; Diana Kenyon and the Borough of Palmerton, Defendants.**

**Civ. A. No. 85–0485.**

United States District Court,
M.D. Pennsylvania.

Nov. 20, 1985.

Malcolm J. Gross, Allentown, Pa., for plaintiff.

James T. Huber, Allentown, Pa., for Guy Zern.

Matthew R. Sorrentino, Bethlehem, Pa., for Guy Zern & All Council Members-Palmerton, John Rupell, John Kasten and Borough of Palmerton.

Joseph P. Lenahan, Scranton, Pa., for defendant Diana Kenyon.

Ralph J. Johnston, Wilkes-Barre, Pa., for defendant Charles Debrosky.

Matthew R. Sorrentino, Bethlehem, Pa., for Guy Zern, Kenneth Heiney, Barry Sherer, Peter Delich, and Gerald Geiger.

## MEMORANDUM

RAMBO, District Judge.

Plaintiff Herbert Truhe (Truhe) invoked this court's federal question jurisdiction by bringing this action against Diane Kenyon (Kenyon) and several other defendants under the Civil Rights Act, 42 U.S.C. § 1983. Truhe added a state-law defamation claim to his Complaint, under this court's pendent jurisdiction. Kenyon moved to dismiss Truhe's Complaint, advancing three grounds: (1) plaintiff's Complaint fails to state a claim upon which relief can be granted; (2) the court lacks subject matter jurisdiction because the claim is not a proper subject for a civil rights action; and (3) immunity from suit pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.* Both parties have briefed the motion and it is ripe for disposition.

■ For purposes of a motion to dismiss, all material allegations of the Complaint must be accepted as true and construed in the light most favorable to the party opposing the motion. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Helstoski v. Goldstein,* 552 F.2d 564, 565 (3d Cir.1977). The Complaint may be dismissed only if it appears that Truhe cannot establish any set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S.

41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court will therefore review the facts, taken in the light most favorable to Truhe.

The Borough of Palmerton employed Truhe as a part-time police officer until December 30, 1982, when Truhe was forced to leave that employment. The Complaint does not reveal the reasons for Truhe's forced departure. Nonetheless, Truhe authorized prospective employers to contact the Palmerton Police Department for employment references. One such prospective employer was the Township of Union, New Jersey. Officials from Union contacted the Palmerton Police Department and spoke to Charles Cebrosky (Cebrosky), who was the acting chief of police. Cebrosky told the Union Township officials that Truhe was terminated by both Palmerton and the Borough of Lehighton.[1] Cebrosky then gave the phone to Kenyon, a secretary for the Police Department. Kenyon held herself out as an official Police Department spokeswoman and said that Truhe was fired by Palmerton for professional misconduct and malfeasance. Kenyon knew her statements were false, but made them to injure Truhe's character and reputation. The false remarks injured Truhe's reputation, earnings, earning capacity and future employment. Truhe also believes that Kenyon made false and harmful remarks about him to other unnamed prospective employers on other unspecified occasions.

■ Although Kenyon's motion rests on three grounds,[2] she only offers one argument: Truhe's claim is based solely on a

---

1. Truhe apparently does not contest the truth of those statements. He rests his cause of action against all the defendants except Kenyon on policies, practices and procedures the defendants promulgated and enforced in their supervisory capacities. Specifically, Truhe relies on their "aproval, encouragement, and acquiescence" in knowingly allowing Kenyon to maliciously and falsely defame him (Complaint ¶¶ 22–26).

2. Kenyon did not brief her third claim that the Pennsylvania Political Subdivisions Tort Claim Act immunizes her from suit, if she was acting within the scope of her employment. The Act is a state-created grant of immunity to the state's sub-divisions and their employees. The sub-di-

vision and employees are immune from suit for all causes of action in tort, except those arising in eight specifically enumerated and narrowly construed areas.

However, Kenyon's reliance on the Act is misplaced. If Truhe has stated an action cognizable under 42 U.S.C. § 1983, the act will not offer Kenyon immunity. A defendant cannot avoid liability for violation of a plaintiff's federal constitutional rights by relying on a state-created grant of immunity. Section 1983 specifically protects those rights. *See generally, Maine v. Thiboutot,* 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1979); *Buskirk v. Seiple,* 560 F.Supp. 247, 250 (E.D.Pa.1983).

state-created cause of action which does not rise to the level of a constitutional violation. An action will only lie under 42 U.S.C. § 1983 when a state official, acting under color of law, violates a constitutionally protected right. *Screws v. United States,* 325 U.S. 91, 655 S.Ct. 1031, 89 L.Ed. 1495 (1945). If Kenyon's assertion is correct, Truhe has not stated a claim based on federal law and this court lacks subject matter jurisdiction.

Truhe's claim does rest upon defamation. The Supreme Court has held that defamation alone does not rise to the level of a constitutional violation:

> While we have ... pointed out the frequently drastic effect of the "stigma" which may result from defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either "liberty" or "property" by itself sufficient to invoke the procedural protection of the Due Process Clause.

*Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976). Truhe has alleged both defamation and a loss of potential employment. Kenyon argues that *Paul v. Davis* would require a plaintiff to lose his *current* employment before the injury reaches constitutional proportions, and that Truhe alleges only a *future* loss of employment.

The issue before this court, then, is whether future employment, lost due to the defamatory acts of the defendant, is an injury to a constitutionally protected right. The Third Circuit has already spoken on the issue. In *McKnight, supra,* the Court said:

> One basic element of the "liberty" interest recognized by the Supreme Court is the protection against interference in the absence of due process with an individual's " ... later opportunities for ... employment." *Goss v. Lopez,* 419 U.S. 565, 575, 95 S.Ct. 729, [736–37] 42 L.Ed.2d 725 (1975). In the Complaint here, the loss of *opportunity for other employment* is specifically cited as a detriment flowing from the defendant's actions. (Emphasis added)

583 F.2d at 1236.

Kenyon points out that McKnight and most other plaintiffs on whose circumstances the rule has been decided, have lost a *current* right. While Kenyon's observation is correct, the Third Circuit clearly contemplated injury solely to future employment when it decided *McKnight.* Under the standard set by the Third Circuit, Truhe has adequately stated a claim under this court's federal question jurisdiction, which cannot be dismissed at this stage.

After Kenyon had filed her brief and motion, defendant Cebrosky filed a document requesting to join in Kenyon's motion and adopting Kenyon's reasoning. Truhe filed no response to Cebrosky's motion, but this court will deem Truhe's opposition to Kenyon's motion to be applicable to Cebrosky's motion, too. Cebrosky's motion will also be denied, for the foregoing reasons.