Robert BEDNARSKI and Fadua Bednarski, his wife, and Robert Bednarski, as Administrator of the Estate of Ronald Bednarski, Deceased, Plaintiffs,

v.

HIDEOUT HOMES & REALTY, INC., A DIVISION OF U.S. HOMES & PROPERTIES, INC. and William F. Rooney Electrical Contractor, Inc., Defendants/Third–Party Plaintiffs,

v.

CUTLER HAMMER CORPORATION, A SUBSIDIARY OF EATON CORPORATION, Walter W. Grote, and Pike–Wayne Inspection Agency, Third–Party Defendants,

v.

DOWGARD STYROFOAM, A DIVISION OF DOW CHEMICAL COMPANY, Markel Products and Ettco Wire & Cable Company, Second Additional Third–Party Defendants.

No. CV 87–0831.

United States District Court, M.D. Pennsylvania.

Nov. 30, 1988.

Ronald J. Mishkin, Gerald J. Geiger, Mervine, Brown, Newman, Williams & Mishkin, Stroudsburg, Pa., for plaintiffs.

John J. Byrne, Scranton, Pa., for Rooney Elec. Contractor, Inc.

John R. Lenahan, Jr., Scranton, Pa., for Hideout Homes and Realty, Inc., a div. of U.S. Homes & Properties.

Henry C. McGrath, Scranton, Pa., for Eaton Corp.; Michael H. King, Eric S. Palles, Jeffrey E. Rogers, Ross and Hardies, Chicago, Ill., of counsel.

Irwin Schneider, Scranton, Pa., for Pike–Wayne Inspection Agency.

Lee Krause, Howell, Krause & Schloesser, Honesdale, Pa., for Walter Grote.

Howard A. Berman, Wilkes–Barre, Pa., for Markel Products.

David W. Saba, Wilkes–Barre, Pa., for Ettco Wire & Cable.

Bruce E. Barrett, Philadelphia, Pa., for Gerald Kaponigro and Home Owners Warranty Co.

William R. Hourican, Manta and Welge, Philadelphia, Pa., for Dow Chemical Co.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Currently before the court is third-party defendant Eaton Corporation's (Eaton) motion to dismiss Count III of the third-party complaint filed by William F. Rooney Electrical Contractor, Inc. (Rooney). For the reasons that follow, Eaton's motion will be denied.

### Background

Robert and Fadua Bednarski, citizens of New Jersey, filed the above-captioned diversity action on June 15, 1987 as administrators of the estate of Ronald Bednarski. The action arises out of a December 30, 1985 fire that allegedly originated in an electrical outlet located in plaintiff's house and completely destroyed the house. Plaintiff's son, Ronald Bednarski, was trapped in the house and died as a result of the fire.

Named as defendants in plaintiffs' complaint are Hideout Homes and Realty, Inc. (Hideout Homes) and Rooney. Hideout Homes, a Pennsylvania corporation with its principal place of business in Lake Ariel, Pennsylvania, was the builder of the house in question. Rooney, a Pennsylvania corporation whose principal place of business is also in Lake Ariel, was retained by Hideout Homes to wire and install the electrical system in the house. The complaint contains counts against these defendants for wrongful death and survival, strict products liability, breach of implied warranty of habitability, negligent infliction of emotional distress, and breach of contract. *See* document 1 of record.

Rooney filed a third-party complaint against third-party defendant Eaton on May 4, 1988. *See* document 43 of record. Rooney's complaint states that the original plaintiffs alleged that the cause of the fire was related to a circuit breaker box installed by Rooney and that the circuit breaker box was manufactured by Eaton. The third-party complaint contains counts for strict liability, negligence, and breach of warranty. *See id.*

Eaton filed a motion to dismiss the warranty count of the third-party complaint on

May 26, 1988. *See* document 50 of record. It argues that Rooney failed to provide reasonable notice of the alleged breach of warranty as required by 13 Pa.C.S.A. § 2607(c). By Order dated August 17, 1988, the court deemed Eaton's motion to be withdrawn in accordance with M.D. Local Rule 401.5 based on Eaton's failure to file a supporting brief. *See* document 76 of record. Eaton filed a timely motion for reconsideration, arguing that it inadvertently failed to attach its supporting, memorandum to the motion to dismiss. It also filed a copy of the supporting memorandum. *See* document 78 of record. By Order dated September 2, 1988, the court granted the motion for reconsideration, vacated its Order of August 17, 1988, and ordered Rooney to file a brief in opposition to the motion to dismiss. *See* document 79 of record. Rooney's opposition brief was filed on October 20, 1988. *See* document 92 of record. Eaton's reply time having lapsed without further submission to the court, the motion to dismiss is now ripe for disposition.

### Discussion

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the burden of proof lies with the moving party. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). In ruling upon a motion to dismiss, all of the well-pleaded allegations of the complaint must be accepted as true and construed in the light most favorable to the party opposing the motion. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Truhe v. Rupell,* 641 F.Supp. 57, 58 (M.D.Pa.1985) (Rambo, J.). The motion should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *see also Kuchka v. Kile,* 634 F.Supp. 502, 506 (M.D.Pa.1985) (Nealon, C.J.).

■ Section 2607(c) of the Pennsylvania Commercial Code provides, in part, as follows: "Where a tender has been accepted: (1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy...." 13 Pa.C.S.A. § 2607(c)(1). Comment 4 to this section continues in the following manner:

The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer, as under the section covering statements of defects upon rejection (Section 2–605). Nor is there reason for requiring notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiations.

*Id.* § 2607 comment 4. Eaton argues that it did not receive any breach of warranty notice from Rooney. *See* document 78 of record, Supporting Memorandum. Rooney, however, contends that it provided notice to Eaton by filing its third-party complaint and that it is a question for the jury as to whether such notice was provided within a reasonable time. *See* document 92 of record. Based on the applicable authorities, the court agrees with third-party plaintiff Rooney.

Section 1201 of the Code contains the following definition of "Notice":

A person has "notice" of a fact when:

(1) he has actual knowledge of it;

(2) he has received a notice or notification of it; or

(3) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

A person "knows" or has "knowledge" of a fact when he has actual knowledge of it. "Discover" or "learn" or a word or

phrase of similar import refers to knowledge rather than to reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this title.

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when:

(1) it comes to his attention; or

(2) it is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.

13 Pa.C.S.A. § 1201 ("Notice"). It is thus clear that nothing in section 1201 or 2607 (*see supra*) specifically prohibits a civil complaint from serving as notice of a breach of warranty.

Eaton nevertheless argues that a majority of the courts and commentators holds that the filing of a civil complaint does not operate as sufficient section 2607(c) notice. *See* document 78 of record, at p. 4. While this contention appears to be well taken, *see, e.g., Armco Steel Corp. v. Isaacson Structural Steel Co.*, 611 P.2d 507, 512–513 & nn. 13–14 (Alaska 1980) and authorities cited therein; *see also Shooshanian v. Wagner*, 672 P.2d 455, 462–463 (Alaska 1983) (court notes that a majority of courts holds that filing of complaint is not sufficient notice but accepts the minority position), it is largely irrelevant in the present diversity action. The real question instead is how this issue of notice would be decided by the Pennsylvania courts.

■ This being a diversity action, the court would be bound by a definitive statement by the Pennsylvania Supreme Court. Since no such authority exists on the issue in question, the court must predict how that court would decide this issue. *General Electric Corporation of Tennessee v. Ger–Beck Machine Co., Inc.*, 806 F.2d 1207 (3d Cir.1986); *McGowan v. University of Scranton*, 759 F.2d 287 (3d Cir.1985). Decisions of intermediate appellate courts are evidence of state law and must be given significant weight in the absence of any indication that the highest state court would rule otherwise. *McGowan v. University of Scranton*, 759 F.2d at 291; *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548 (3d Cir.1985).

In *Yates v. Clifford Motors, Inc.*, 283 Pa.Super. 293, 423 A.2d 1262 (1980), the Pennsylvania Superior Court was faced with the issue of whether a buyer seasonably notified the seller of rejection as required by 13 Pa.C.S.A. § 2602(a) ("Rejection of goods … is ineffective unless the buyer seasonably notifies the seller"). After quoting the definition of "notice" in section 1201, the court stated as follows:

Instantly, appellee made appellant aware of every defect of which he complained. In addition, he made no payments on the purchase of the truck and advised the Jermyn Bank that none would be forthcoming unless the problems were corrected. Ultimately, appellee filed a complaint in assumpsit requesting damages or, alternatively, the return of the Dodge Aspen which he had used as a trade-in, in return for which, appellee desired to return the defective truck. Since the U.C.C. is to "be liberally construed and applied," U.C.C. § 1–102(1), and given the circumstances of this case, we conclude that the complaint filed on May 5, 1977 was adequate notice that the truck was then being rejected.

*Yates*, 283 Pa.Super. at 306–307, 423 A.2d at 1269–1270. The court added the following reference in a footnote:

See *Fenton v. Contemporary Devlpt. Co.*, 12 Wash.App. 345, 529 P.2d 883 (1974) (commencement of action to rescind is sufficient notice of revocation of acceptance). *See also Marks v. Lehigh Brickface, Inc.*, 19 D. & C.2d 666 (C.P. Dauph.1959) (buyer's refusal to permit seller to make repairs is sufficient notice of rescission); 2 R. Anderson, Uniform Commercial Code § 2–608:16 at 245 (2d ed. 1971) (any conduct clearly manifesting a desire of the buyer to get his money back is sufficient notice to re-

voke). We can discern no reason to treat the filing of a complaint differently for purposes of rejection than is the custom with either revocation of acceptance or rescission.

*Id.* at 309–310 n. 10, 423 A.2d at 1270 n. 10; *see also Beneficial Commercial Corp. v. Brueck,* 23 Pa.D. & C.3d 34, 40 n. 3 (1982) ("Under certain circumstances, it appears that a third party complaint may meet the requirements of both [section 2607(c) and 2607(e)]"; citing *Yates, supra*); *but see Solomon and Son v. Thomasas,* 45 Luzerne L.Reg. 269 (1955) (bringing proceedings before an alderman is not sufficient notice of a nonconforming tender within the meaning of section 2607). Thus, the Pennsylvania Superior Court has held that the filing of a civil complaint was adequate for purposes of notice of rejection. Based on *Yates,* this court concludes that the filing of a civil complaint satisfies the requirement of providing breach of warranty notice under section 2607. As there is no indication that the Pennsylvania Supreme Court would rule otherwise, defendant's argument regarding the sufficiency of the notice will not be accepted.

■ Defendant's argument would be rejected even if the court accepted the majority's position that the filing of a civil complaint is insufficient notice. Here, Rooney filed its third-party complaint against Eaton on May 4, 1988. *See* document 43 of record. Previously, on April 19, 1988, Rooney filed a motion with the court for leave to join Eaton as a third-party defendant. *See* document 32 of record. That motion reads as follows:

1. This action was commenced by the plaintiffs who alleged that a fire was caused as a result of a defective electrical system and a defective circuit breaker box installed by the defendant, William F. Rooney Electrical Contractor, Inc. The Complaint was filed on or about June 15, 1987.

2. The defendant has learned through the course of discovery that this electrical circuit breaker box was manufactured by the Eaton Corporation.

3. The third-party defendant, Eaton Corporation, has its principal offices located at 100 Erieview Plaza, Cleveland, Ohio, 44114.

4. The third-party defendant, Eaton Corporation, has already been joined as a third-party defendant by the defendant, Hideout Homes and Realty, Inc., a Division of U.S. Homes and Properties, Inc.

WHEREFORE, it is requested that the defendant, William F. Rooney Electrical Contractor, Inc., be permitted to join a third-party defendant out of time.

*See id.* Eaton's counsel of record received a copy of this motion. *See id.,* Certificate of Service. Indeed, it appears that Eaton's counsel concurred in the filing of the motion. *See id.,* Certificate of Concurrence. By this motion, Eaton was clearly notified that the transaction with Rooney was still "troublesome and [had to] be watched." *See* 13 Pa.C.S.A. § 2607 comment 4. Thus, aside from and prior to the filing of the third-party complaint in this action, the court concludes that Rooney provided Eaton with sufficient breach of warranty notice for purposes of section 2607(c)(1).

Section 2607 also provides that notice must be provided "within a reasonable time...." In *Rad Services, Inc. v. American Refining Group, Inc.,* 330 Pa.Super. 308, 479 A.2d 565 (1984), the court stated as follows: "Whether a buyer discovers a breach and gives notice of it within a reasonable time is normally a jury question.... Only under the situation where the facts are undisputed and the buyer clearly ought to have known of the alleged defect does the question of reasonableness become one for the court." *Id.* at 312, 479 A.2d at 567; *see also Necho Coal Co. v. Denise Coal Co.,* 387 Pa. 567, 128 A.2d 771 (1957); *Q. Vandenberg & Sons, N.V. v. Siter,* 204 Pa.Super. 392, 204 A.2d 494 (1964); 13 Pa.C.S.A. § 1204(b) ("What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action"). Here, the issue of reasonableness is by no means undisputed, and, therefore, the issue is one for the jury.

An appropriate Order will enter.[1]

---

1. In its original motion to dismiss, Eaton raised several arguments to support the dismissal of the warranty count that were not addressed in its supporting memorandum. *See* document 50 of record. Because Eaton failed to file a brief in support of these arguments, the court will deem them to be withdrawn. *See* M.D. Local Rule 401.5.