**EDUARDO MATOS and SANTA MATOS, Plaintiffs**

**v.**

**NEXTRAN, INC. and MACK TRUCK SALES OF SOUTH FLORIDA,**
**Defendants**

Civil No. 2008-65

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 10, 2009

677

678

DESMOND L. MAYNARD, ESQ., St. Thomas, USVI, *For the Plaintiffs*.

WILLIAM E. CRABILL, ESQ., Miami, FL, *For the Defendant Nextran, Inc*.

DARYL BARNES, ESQ., St. Croix, USVI, *For the Defendants Nextran, Inc. and Mack Truck Sales of South Florida*.

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

(August 10, 2009)

Before the Court is the motion of defendant Nextran, Inc. ("Nextran") to dismiss this matter, to strike certain allegations, and for a more definite statement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2006, Eduardo Matos was driving a truck carrying concrete in an area known as Mahogany Run on St. Thomas, U.S. Virgin Islands.[1]

---

[1] Because Nextran's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint are taken as true. *See McGovern v. City of Phila-*

He suffered injuries when the truck rolled over. The truck was allegedly manufactured and sold by Nextran and defendant Mack Truck Sales of South Florida ("Mack Truck").

Mr. Matos and his wife, Santa Matos (together, the "Plaintiffs"), subsequently commenced this action against Nextran and Mack Truck (together, the "Defendants"), asserting six causes of action: (1) negligence; (2) breach of the warranty of fitness for a particular purpose; (3) strict liability; (4) breach of the warranty of merchantability; (5) loss of consortium; and (6) punitive damages.

Nextran thereafter made a limited appearance for the sole purpose of moving to dismiss this matter for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). That motion was denied. *Matos v. Nextran, Inc.*, 51 V.I. 630 (D.V.I. 2009).

Nextran now moves to dismiss the complaint[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Nextran moves to strike certain allegations in the complaint pursuant to Federal Rule of Civil Procedure 12(f) or for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th

---

*delphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

[2] Unless otherwise indicated, any mention of the complaint is intended to refer to the first amended complaint.

Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).' " *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

## B. Rule 12(f)

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[I]t is settled that [a Rule 12(f)] motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted). Allegations that are "repugnant" or that contain "superfluous descriptions and not substantive elements of the cause of action" also may be stricken. *See, e.g., Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). Indeed, a court has "considerable discretion" in striking an allegation. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." (citation omitted)). "Striking a party's pleading, however, is an extreme and disfavored measure." *BJC Health Sys.*, 478 F.3d at 917; *see also Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." (quotation marks and citation omitted)); *Lipsky*, 551 F.2d at 893 ("[T]he courts should not tamper with the pleadings unless there is a strong reason for so doing." (citations omitted)).

## C. Rule 12(e)

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague

or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such a motion "must point out the defects complained of and the details desired." *Id.* Such a motion may be granted, for instance, where "a shotgun complaint fails to adequately link a cause of action to its factual predicates." *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1275 (11th Cir. 2006); *see also Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999) ("[A] complaint, which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." (internal quotation marks and citation omitted)).

## III. ANALYSIS

### A. Rule 12(b)(6)

#### 1. Counts Two and Four

Nextran first argues that the breach of warranty claims asserted in Counts Two and Four should be dismissed. Counts Two and Four assert claims for breach of the warranty of merchantability and breach of the warranty of fitness for a particular purpose, respectively. Both counts assert breaches of express and implied warranties.

█ Beginning with the express warranty claims, Virgin Islands law[3] does not appear to differentiate between an express warranty of merchantability and an express warranty of fitness for a particular purpose. *See* V.I. CODE ANN. tit. 11A, § 2-313.[4] To state a claim for breach of an express warranty generally, a plaintiff must allege the following: "(1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant." *Beachside Assocs., LLC v.*

---

[3] Because this matter invokes this Court's diversity-of-citizenship jurisdiction, *see* 28 U.S.C. § 1332(a); 48 U.S.C. § 1612(a), Virgin Islands substantive law applies. *See Lafferty v. Gito St. Riel,* 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply the substantive laws of its forum state in diversity actions." (citation omitted)).

[4] Title 11A of the Virgin Islands incorporates various provisions of the Uniform Commercial Code. *See Vitex Mfg. Corp. v. Caribtex Corp.,* 377 F.2d 795, 799, 6 V.I. 166 (3d Cir. 1967) (noting that "the Uniform Commercial Code [has been] adopted in the Virgin Islands [at Title] 11A").

*Okemo, LLC*, 50 V.I. 1042, 1046 (D.V.I. 2008) (citations omitted); *see also* V.I. CODE ANN. tit. 11A, § 2-313 (defining express warranties).

■ Furthermore, although "a person must be in privity to a contract to sue for damages for breach of such contract[,] . . . under certain conditions a person may sue as a third party beneficiary to a contract." *Sanchez v. Innovative Tel. Corp.*, No. 2005-45, 2007 U.S. Dist. LEXIS 93255, at *4 (D.V.I. Nov. 30, 2007) (citation omitted). Virgin Islands law specifically extends express and implied warranties to third-party beneficiaries. Title 11A, Section 2-318 of the Virgin Islands Code provides that "[a] seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty." V.I. CODE ANN. tit. 11A, § 2-318.

In Count Two, the Plaintiffs allege that the Defendants, pursuant to a contract they consummated with Mr. Matos's employer, knew that the truck the Defendants manufactured and sold to Mr. Matos's employer "was to be used as a concrete truck . . . for the purpose of transporting, mixing and pouring concrete." (Am. Compl. ¶¶ 18-19.) They further allege that the Defendants "knew and/or should have known that [Mr. Matos] would rely on [the] Defendants['] skill and judgment to furnish a truck suitable for the intended purpose[.]" (*Id.* ¶ 19.) Count Two also alleges that the Plaintiffs and Mr. Matos's employer "relied on [the] Defendants' expertise as a designer/manufacturer of said trucks to design and manufacturer the truck for them that was suitable for the intended purpose[.]" (*Id.* ¶ 20.) According to that count, Mr. Matos "was a beneficiary to the express and/or implied warranties under the contract for the truck[.]" (*Id.* ¶ 21.) Specifically, the complaint alleges that the "truck was defectively designed, manufactured and/or assembled, including, but not limited to, defective design of the chassis or frames and/or installation of the barrel/drum," and that "the brakes on the truck were defective and/or did not operate properly and effectively to permit Plaintiff Eduardo Matos to control and stop the truck in a timely fashion." (*Id.* ¶¶ 22-23.) Finally, the Plaintiffs allege that "[t]he Defendants breached their warranty of fitness that the truck . . . was fit for the particular and general purpose for the use [for] which said truck was intended." (*Id.* ¶ 24.)

In Count Four, the Plaintiffs allege that the Defendants "expressly and impliedly warranted that the truck and its chassis and frame and brakes and other parts . . . were fit for the ordinary purpose for which such goods

are used" and that Mr. Matos "made use of the truck . . . in reliance on said express and implied warranties." (*Id.* ¶ 31.) They also allege that the Defendants breached that express and/or implied warranty of merchantability by selling a "truck that was not fit for the ordinary purpose for which such trucks are used." (*Id.* ¶ 32.) The Plaintiffs allege that they suffered injuries on account of that breach. (*Id.* ¶ 33.)

■ Missing from either Count Two or Count Four is either an explicit or even oblique allegation that the express affirmation of fact that the Defendants made to Mr. Matos's employer "was part of the basis of the [parties'] bargain." Such an allegation is an essential element of a breach of an express warranty claim.[5] *See Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 102 (D. Mass. 1998) ("[T]he plaintiff must demonstrate that the express warranty constituted a basis of the bargain between the seller and the buyer." (citations omitted)), *cited with approval in Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 24 (1st Cir. 2001); *O'Connor v. Kawasaki Motors Corp.*, 699 F. Supp. 1538, 1543 (S.D. Fla. 1988) ("[T]he affirmation made by the seller must have become the basis of the bargain."). Accordingly, the Court finds that the Plaintiffs have failed to state a breach of an express warranty claim. Notwithstanding that deficiency, in accordance with this circuit's precedent, the Court will give the Plaintiffs an opportunity to amend their complaint with respect to their express warranty claims in Counts Two and Four. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

■ The Court turns now to the implied warranty claims. To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that (1) goods were sold by a merchant; (2) the goods were not merchantable at the time of sale; (3) the plaintiff suffered an injury; (4) the plaintiff's injury resulted from the goods' non-merchantability; and (5) the seller had notice of the injury. *Banks v. International Rental*

---

[5] In contrast, the fact that the Plaintiffs do not specify whether they are intended or incidental beneficiaries is not fatal, as "the notice pleading approach of the Federal Rules would not appear to require putative third party beneficiaries to specifically allege in their complaint that they were intended, as opposed to incidental, third party beneficiaries of an agreement." *Francis v. Graham Miller (Caribbean) Ltd.*, 26 V.I. 184, 186 (V.I. Terr. Ct. 1991).

*and Leasing Corp.*, 49 V.I. 970, 975 (D.V.I. 2008) (stating the elements in a lease context); *see also* V.I. CODE ANN. tit. 11A, § 2-314 (defining the implied warranty of merchantability).

■ To state a claim for breach of the implied warranty of fitness for a particular purpose, a plaintiff must allege that "(1) the seller had reason to know the particular purpose for which the buyer required the goods, (2) the seller had reason to know the buyer was relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer in fact relied upon the seller's skill or judgment." *Beard Plumbing & Heating v. Thompson Plastics*, 152 F.3d 313, 317 (4th Cir. 1998) (stating Virginia law) (citation omitted); *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) (similar); *see also* V.I. CODE ANN. tit. 11A, § 2-315 (defining the implied warranty of fitness for a particular purpose). For such a warranty to exist, the goods must be for a purpose other than their ordinary use. *See* V.I. CODE ANN. tit. 11A, § 2-315 (stating that "[a] 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business").

■ As with the express warranty claim, privity of contract is required for both implied warranty claims. *See Sanchez*, 2007 U.S. Dist. LEXIS 93255, at *4; V.I. CODE ANN. tit. 11A, § 2-318.

■ Based on the allegations in Counts Two and Four, as outlined above, the Court finds that the Plaintiffs have sufficiently stated a claim for breach of the implied warranties of merchantability and fitness for a particular purpose.[6] Accordingly, the motion to dismiss will be denied with respect to those claims in Counts Two and Four.

---

[6] Nextran contends that Mr. Matos is at best an incidental beneficiary of any contract that may exist between the Defendants and Mr. Matos's employer. Nextran relies on this Court's decision in *Banks v. International Rental and Leasing Corp., supra.* That decision, however, was decided at the summary judgment stage. Indeed, because "[t]he underlying question of whether someone is a third-party beneficiary to a contract is a mixed question of law and fact," *Sanchez*, 2007 U.S. Dist. LEXIS 93255, at *5, making such a determination now would be inappropriate. At this stage of this litigation — before Nextran has answered the allegations in the complaint — the Court is obligated to assume that the Plaintiffs' allegations are true. The complaint's allegation that Mr. Matos was a beneficiary of the Defendants' warranties therefore suffices at this stage to show Mr. Matos's intended beneficiary status. Whether that status exists in fact, of course, may be challenged further down the road.

Although Nextran does not raise the issue, the Court notes as well that one of the essential elements of a breach of warranty claim under Virgin Islands law is notice to the seller

## 2. Count One

Nextran moves to dismiss Count One's negligence claim for failure to state a claim.

 To state a claim for negligence in the Virgin Islands, a plaintiff must allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages. *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571, 45 V.I. 495 (D.V.I. 2004) (citations omitted); *Nickeo v. Atl. Tele-Network Co.*, 45 V.I. 149, 160 (V.I. Terr. Ct. 2003) (citing *Gass v. Virgin Islands Telephone Corp.*, 149 F. Supp. 2d 205 (D.V.I. 2001)); *see also* RESTATEMENT (SECOND) OF TORTS § 281 (1965) (stating the elements of negligence).[7]

In the general allegations section of their complaint, which is incorporated by reference into the substantive allegations of each count, the Plaintiffs allege that the Defendants "designed, manufactured,

---

of a defect. V.I. CODE ANN. tit. 11A, § 2-607(3)(a) ("[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."). The complaint in this matter does not allege that the Plaintiffs gave the Defendants notice. However, it is widely accepted that "a consumer plaintiff who suffers *a personal injury* may satisfy the . . . notice requirement by filing a complaint stating a breach of warranty action against the seller." *See, e.g., Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E.2d 584, 590, 221 Ill. Dec. 389 (1996) (emphasis supplied) (citations omitted); *see also Cole v. Keller Indus.*, 132 F.3d 1044, 1047 (4th Cir. 1998) ("[E]very reported case which has come to our attention, save one, has taken the position that a non-purchaser in a suit on warranty, need not comply with the notice requirement of the Uniform Commercial Code in order to recover for personal injuries[.]" (collecting cases)); *McKnelly v. Sperry Corp.*, 642 F.2d 1101, 1107 (8th Cir. 1981) (holding that the "notice provision is inapplicable to third parties, at least where personal injuries rather than economic losses are sustained"); *Bednarski v. Hideout Homes & Realty, Inc., Div. of U.S. Homes & Properties, Inc.*, 709 F. Supp. 90, 94 (M.D. Pa. 1988) ("[T]his court concludes that the filing of a civil complaint satisfies the requirement of providing breach of warranty notice[.]"); *Frericks v. General Motors Corp.*, 278 Md. 304, 363 A.2d 460, 466 (1976) ("[P]laintiffs, as third party beneficiaries, are not required . . . to notify the seller of a breach of warranty and are therefore not precluded from pursuing a remedy for breach." (footnote omitted)); *Greenman v. Yuba Power Products, Inc.*, 59 Cal. 2d 57, 27 Cal. Rptr. 697, 377 P.2d 897, 900 (1963) ("The notice requirement . . . is not an appropriate one for the court to adopt in actions by injured consumers against manufacturers with whom they have not dealt." (citations omitted)). That view is in harmony with the plain language of § 2-607(3)(a), which imposes a notice obligation on the "buyer" of a product, not a third-party user of the product. The Plaintiffs are third-parties alleging personal injury, and thus the notice requirement is satisfied here by the filing of the complaint.

[7] *See* V.I. CODE ANN. tit. 1, § 4 (stating that the Restatements are the law of the Virgin Islands in the absence of local law to the contrary).

assembled and/or sold" a truck "for [Mr. Matos] and other drivers . . . to operate in their daily work of transporting and pouring concrete." (Am. Compl. ¶ 10.) In Count One itself, the Plaintiffs allege that Nextran "caused a cement mixer to be mounted on [the] truck." (*Id.* ¶ 13.) They further allege that Nextran "was responsible for performing the final inspection on the truck before selling and shipping it to" Mr. Matos's employer and "to make sure that the truck worked properly, was in good order and condition, and was free of all defects." (*Id.* ¶ 15.) According to the complaint, Nextran failed to fulfill that responsibility. (*Id.*) The Plaintiffs further allege that they suffered injuries as a result of that failure. Specifically, Mr. Matos allegedly "suffered serious physical injuries to his body, including his legs, arm, back and head." (*Id.* ¶ 7.) Mrs. Matos allegedly "suffered a loss of consortium and was unable to enjoy the assistance, companionship and society of [Mr.] Matos and to engage in the customary joys of the marital relationship." (*Id.* ¶ 35.)

██ Although not stated explicitly, the allegations in the complaint make clear that the Defendants owed the Plaintiffs a duty to manufacture, design and/or sell a truck that was in good working condition. *See, e.g., Fisher v. Roberts*, 125 F.3d 974, 978 (6th Cir. 1997) ("Although the complaint does not allege explicitly that defendant owed plaintiff a duty of care and breached that duty, it contains enough information from which the material elements of plaintiff[']s claim can be inferred."); *see also Carpini v. Pittsburgh & Weirton Bus Co.*, 216 F.2d 404, 406 (3d Cir. 1954) ("[T]he manufacturer of a chattel has a duty of care to the ultimate consumer or user thereof. . . . Indeed, this principle has now become so well established that it would be sheer affectation to pile up citation of decisions upon it." (citation omitted)). The Plaintiffs further allege that the Defendants' failure to do so caused Mr. Matos's accident and, by extension, the Plaintiffs' various injuries.

██ Because the Plaintiffs have specified negligent acts and characterized the duty whose breach caused their alleged injuries, the Court finds that the Plaintiffs' allegations are sufficient to defeat the Defendants' Rule 12(b)(6) challenge to Count One. The motion will thus be denied with respect to that count.

### 3. Count Three

Nextran urges the dismissal of Count Three's strict liability claim on insufficiency grounds.

 █ A plaintiff sufficiently states a strict liability claim against a seller of a product for physical harm if he alleges "(1) the existence of a defect, (2) in an unreasonable dangerous condition, (3) which proximately causes the injury." *Murray v. Fairbanks Morse*, 610 F.2d 149, 154 (3d Cir. 1979) (citing RESTATEMENT (SECOND) OF TORTS § 402A (1965)).[8] The product must have reached the "user or consumer without substantial change in the condition in which it is sold." RESTATEMENT (SECOND) OF TORTS § 402A(1)(b) (1965); *see also Chelcher v. Spider Staging Corp.*, 892 F. Supp. 710, 714, 32 V.I. 320 (D.V.I. 1995). Furthermore, the defendant "must be engaged in the business of selling the" product. *Erysthee v. El Nuevo Lirio Grocery*, 25 V.I. 307, 311 (D.V.I. 1990); *Walker v. Skyclimber, Inc.*, 571 F. Supp. 1176, 1178, 20 V.I. 293 (D.V.I. 1983). To be "unreasonably dangerous," a product "must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." RESTATEMENT (SECOND) OF TORTS § 402A cmt. i (1965); *see also Martin v. Powermatic, Inc.*, No. 01-137, 2008 U.S. Dist. LEXIS 44211, at *9 (D.V.I. June 4, 2008).

 In Count Three, the Plaintiffs allege that the "Defendants designed, manufactured, assembled and/or sold" to Mr. Matos's employer a truck "for the benefit and use of [Mr.] Matos[.]" (Am. Compl. ¶ 27.) They also allege that the truck contained an "unreasonably dangerous" defect at the time it was released from the Defendants' control. (*Id.* ¶¶ 12, 15, 28-29.) In particular, they claim that the "truck was defectively designed, manufactured and/or assembled, including, but not limited to, defective design of the chassis or frames and/or installation of the barrel/drum that made control of the truck impossible, avoidance of the accident more difficult, and the resulting effects of the accident more severe." (*Id.* ¶ 22.) The Plaintiffs also allege that they suffered injuries, as described earlier, on account of those unreasonably dangerous defects. (*Id.* ¶ 29.)

In the Court's view, these allegations adequately state a claim for strict liability. *See, e.g., Hogan v. Goodrich Corp.*, No. 05-159, 2006 U.S. Dist.

---

[8] This Court has explained that "Section 402A is the controlling law on products liability in the Virgin Islands." *Banks v. Int'l Rental & Leasing Corp.*, Nos. 2002-200, 2002-201, 2002-202 & 2002-203, 2008 U.S. Dist. LEXIS 12214, at *9 (D.V.I. Feb. 13, 2008) (citation omitted).

LEXIS 2004, at *16-17 (W.D. Ky. Jan. 17, 2006). Accordingly, the Court will deny the motion to dismiss as it pertains to Count Three.

### 4. Count Six

In Count Six, the Plaintiffs allege that the Defendants are "liable for punitive damages for their reckless disregard and indifference to [the] Plaintiffs' safety." (Am. Compl. ¶ 37.) Nextran contends that Count Six, which asserts a punitive damages claim, must be dismissed because the Plaintiffs have not pled any basis for awarding such damages.

▮ The Court need not reach Nextran's contention that the Plaintiffs' allegations falls short of warranting a punitive damages award. As this Court has recently explained, it is well-established law that a "punitive damages claim cannot stand alone." *McDonald v. Davis*, 51 V.I. 573, 607 (D.V.I. 2009) (collecting cases); *see also Urgent v. Hovensa, LLC*, No. 2006-105, 2008 U.S. Dist. LEXIS 77455, at *31 (D.V.I. Oct. 2, 2008) (dismissing a punitive damages count on the defendant's motion to dismiss because such a claim "is not a distinct cause of action and was improperly plead[ed] as a separate count").

Accordingly, the Court will grant Nextran's motion as it pertains to Count Six.[9] The Court's ruling in this vein is, of course, without prejudice to the Plaintiffs' request for punitive damages at the appropriate stage of these proceedings.

### B. Rule 12(f)

Nextran asserts that the Court should strike certain allegations from the complaint. Nextran describes the following allegations, the relevant portions of which are italicized, as prejudicial:

> The *illegal conduct,* as stated herein, of Defendants enhanced the accident alleged and Plaintiffs' injuries and damages alleged herein.
>
> . . . .

---

[9] Nextran also seeks the "dismissal" of the Plaintiffs' request for attorney's fees and costs. To the extent that request is not asserted as an independent cause of action, Nextran's challenge warrants no ruling. To the extent Nextran seeks to strike the Plaintiffs' fee and cost request, the motion is denied. The Virgin Islands' fee-shifting statute, V.I. CODE ANN. tit. 5, § 541, authorizes a court to award fees and expenses to the "prevailing party" in an action. As there is no prevailing party at this stage, Nextran's motion is premature.

The aforementioned truck was unreasonably dangerous and Defendants are strictly liable for the incident and *all damages of every kind* suffered by Plaintiffs as a direct and proximate result.

. . . .

Plaintiff Santa Matos is the wife of Plaintiff Eduardo Matos and, as a direct and proximate result of the negligence, breach of warranty and *other illegal acts* and/or omissions of Defendants, Plaintiff Santa Matos suffered a loss of consortium[.]

(Am. Compl. ¶¶ 16, 29, 35) (emphasis supplied).

According to Nextran, "[t]hese are extraneous statements, untrue and unnecessary for Plaintiffs to plead their cause(s) of action, and are irrelevant and prejudicial." (Def. Nextran's Renewed Opp'n Pl.'s Mot. Am. and Mot. Dismiss Pl.'s Am. Compl. 11.)

■■■■ To the extent Nextran seeks to strike the Plaintiffs' request to recover "all damages of every kind," the Court is singularly unconvinced. That request appears in the Plaintiffs' strict liability claim. Damages are an element of such a claim and thus a request that they be awarded is hardly out of place. The Plaintiffs perhaps overreach when they ask for any and all damages, but such overreaching is certainly not inconsistent with the expansive prayers for relief that are drafted into many complaints. In any event, any damages the Plaintiffs seek to recover will have to be proven at trial, if need be. Simply asking for them now works no prejudice to the Defendants. In the absence of such prejudice, the Court will deny the motion to strike as it pertains to the Plaintiffs' damages request. *See Glasser v. Government of the Virgin Islands*, 853 F. Supp. 852, 854, 30 V.I. 97 (D.V.I. 1994) (noting that a Rule 12(f) motion "should not be readily granted *absent a showing of prejudice* to the movant" (emphasis supplied) (footnoted omitted))); *see also Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) ("Under Rule 12(f), even where the challenged material is 'redundant, immaterial, impertinent, or scandalous,' a motion to strike should not be granted *'unless the presence of the surplusage will prejudice the adverse party.'* " (emphasis supplied) (quoting *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 820 F. Supp. 150, 154 (D. Del. 1992))).

To the extent Nextran wants any references to the Defendants' alleged "illegal conduct" or "illegal acts" stricken, the Court is similarly unpersuaded. While illegality may not be an element per se of any of the Plaintiffs' substantive claims, it is at least conceivable that the Plaintiffs intend to show that the Defendants broke the law to prove their breach of warranty claims or their strict liability claim. *See Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996) (holding that a motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation). Furthermore, the Court fails to understand what prejudice might inure to Nextran by virtue of mere allegations of illegal conduct.[10] *Cf. Flanagan v. Wyndham Int'l, Inc.*, No. 2002-237, 2003 U.S. Dist. LEXIS 24211, at *4-5 (D.V.I. Apr. 21, 2003) ("Scandalous matter does not merely offend someone's sensibilities; it must improperly cast a person or entity in a cruelly derogatory light." (citation omitted)). Indeed, Nextran has elected not to explain the nature of that alleged prejudice. Given the strong disfavor with which courts view motions to strike, the motion will be denied with respect to the complaint's fleeting allegations of illegality.

## C. Rule 12(e)

Nextran argues that it is entitled to a more definite statement because the Plaintiffs have "improperly commingled allegations in separate causes of action." (Def. Nextran's Renewed Opp'n Pl.'s Mot. Am. and Mot. Dismiss Pl.'s Am. Compl. 12.) Nextran spotlights the various sections of the complaint that incorporate by reference all preceding allegations. Nextran's argument in this vein is wholly deficient and betrays a surprising ignorance of pleading norms. Incorporating preceding allegations by reference is a time-honored tradition. There is certainly nothing novel about the way the complaint in this matter observes that tradition.

Nextran also claims that Count Four confusingly alleges a breach of the "express and/or implied warranty of merchantability." In Nextran's view, the Plaintiffs are required to allege a claim for either an express or an implied warranty of merchantability or to assert such claims as

---

[10] Prejudice might arise, of course, if a jury is permitted to view the complaint. To forestall such a scenario, appropriate measures may be taken at a later time if need be.

separate causes of action. The Court does not doubt that stating express and implied warranty claims in separate counts would achieve greater clarity. However, a complaint need not be a literary gem. Under the Federal Rules, a plaintiff must do no more than make "a short and plain statement" of his claim, FED. R. CIV. P. 8(a)(2), so that the defendant can "reasonably prepare a response." FED. R. CIV. P. 12(e). The Plaintiffs have adequately done so here. *See Government Guar. Fund v. Hyatt Corp.*, 166 F.R.D. 321, 324, 34 V.I. 257 (D.V.I. 1996) ("While the first amended complaint is hardly a paragon of pithiness, it is quite comprehensible and provides enough information to allow [the defendant] to frame a responsive pleading."); *cf. Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (granting a Rule 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint); *Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F. Supp. 33, 36 (D.D.C. 1978) (finding that the allegations did not suffice to state a claim and ordering the plaintiff to file a more definite statement).

 Finally, Nextran contends that the Plaintiffs should specify which claims are asserted against which of the Defendants. That contention is unavailing. No authority of which the Court is aware — and Nextran has identified none — requires the Plaintiffs to refer to each defendant by name in each substantive count. And in fact the complaint does direct certain allegations at certain defendants by name. The Court does not find that the Plaintiffs' frequent references to the Defendants as a collective gives rise to any confusion or otherwise hampers Nextran's ability to defend itself.

## IV. CONCLUSION

For the reasons given above, Nextran's motion will be denied in part and granted in part. The Plaintiffs will be afforded an opportunity to amend their complaint with respect to the breach of express warranty claims. An appropriate order follows.